UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  **(IN CHAMBERS): Defendants' Joint Motion for Summary Judgment** (filed 5/26/2009)

## I.    INTRODUCTION

Plaintiff Ricardo Reyes filed the instant action on January 12, 2005 against City of Glendale, Glendale Police Department ("GPD"), County of Los Angeles, Los Angeles Sheriffs Department ("LASD"), City of Madera, Madera Police Department ("MPD"), County of Madera, M Gonzalez ("Gonzalez"), and Does 1-10.  Plaintiff's complaint alleges claims for (1) violation of his civil rights pursuant to 42 U.S.C. § 1983 (against all defendants); (2) violation of Cal. Civ. Code § 52.1 (against City of Glendale, County of Los Angeles, County of Madera, and Does 1-10); (3) false imprisonment (against City of Glendale, County of Los Angeles, City of Madera, County of Madera, and Does 1-10); and (4) negligence (against City of Glendale, County of Los Angeles, City of Madera, County of Madera, and Does 1-10).  On April 25, 2005, Justin Darby ("Officer Darby") was substituted as a defendant for Doe 1.  On January 27, 2006, Daniel Godwin ("Officer Godwin") was substituted for Doe 2.

On April 18, 2007, defendants MPD, Officer Godwin, and City of Madera  filed motions for summary judgment.  On July 24, 2007, defendants County of Los Angeles and LASD filed a motion for summary judgment.  Also on July 24, 2007, defendants Officer Darby, City of Glendale, and GPD filed a motion for summary judgment or, alternatively, partial summary judgment.   On August 23, 2007, the Honorable George P. Schiavelli (ret.), to whom this case was then assigned, issued an order to show cause, ordering plaintiff and City of Glendale to show cause why the Court should not impose sanctions, including dismissal of the action, in light of the parties' failure to file timely pretrial documents.  On September 17, 2007, the Court ordered the entire action dismissed with prejudice as a sanction for plaintiff's failure to prosecute.  On October 17,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|----------|----------------------|------|---------------|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

2007, plaintiff appealed to the Ninth Circuit Court of Appeals.  On March 17, 2009, the Ninth Circuit reversed the dismissal of plaintiff's case, and remanded.[1]

On May 26, 2009, defendants MPD, County of Madera, Officer Darby, Officer Godwin, City of Glendale, GPD, County of Los Angeles, and LASD filed the instant joint motion for summary judgment.  On June 16, 2009, plaintiff filed an opposition.[2]  A reply was filed on June 29, 2009.[3]  A hearing was held on July 13, 2009, after which the motion was taken under submission.  Plaintiff filed a supplemental brief on July 13, 2009.  Defendants filed a response to the supplemental brief on July 17, 2009.  After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.    BACKGROUND**

On September 8, 2000, Paula Reyes sought and obtained a Domestic Violence Prevention Restraining Order in Madera County Superior Court Case No. CV07914 against "Ricardo Reyes" (sometimes referred to herein as the "restraining order subject").[4]  SUF ¶ 42; SGI ¶ 42.  In May 2002, Paula Reyes twice reported to the City of

---

[1] This action was then randomly reassigned to this Court on March 17, 2009 in light of Judge Schiavelli's retirement from this Court.

[2] Defendants note that plaintiff's opposition brief was due on or before June 15, 2009, and that, therefore, plaintiff's opposition was not timely filed.  Defendants argue that the Court should sanction plaintiff or decline to consider plaintiff's opposition. Reply at 2. Despite the lack of timeliness, the Court considers plaintiff's opposition herein, although plaintiff is admonished to comply with the Local Rules in all future filings with the Court.

[3] On July 6, 2009, plaintiff filed a motion to strike the declarations of Angeles Becerra, Randall Perry, and Richard C. Myers, which were filed by defendants on May 26, 2009, on the ground that these declarants were not disclosed as required by Fed. R. Civ. P. 26(a)(1)(A)(I).  On July 8, 2009, defendants filed an opposition. Because the Court does not rely on these declarations herein, the Court denies the motion as moot.

[4] Plaintiff disputes this fact to the extent that it indicates that defendants only knew "Ricardo Reyes" by that name, arguing that the subject of the restraining order was in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

Madera Police that the restraining order subject had violated the restraining order.  SUF ¶ 37; SGI ¶ 37.  Based on these reports, the MPD sought a warrant for the arrest of the restraining order subject.  SUF ¶ 44; SGI ¶ 44.  MPD Officer Godwin prepared the District Attorney Intake Form submitted in conjunction with the request that "Ricardo Reyes" be charged with felony and misdemeanor offenses.  SUF ¶ 45; SGI ¶ 45. Officer Godwin described the subject of the warrant as "Ricardo Reyes," Sex: Male; Hair: Black; Eyes: Brown; Height: 5'3"; Weight: 130; Race: Hispanic, and included his birthdate.  SUF ¶ 46; SGI ¶ 46.  Officer Godwin's description of the subject did not include a middle name and did not include any aliases.  SUF ¶ 47-48; SGI ¶ 47-48.  When the report prepared by Officer Godwin went to the MPD records department, a criminal history "rap sheet" was attached.  SUF ¶ 38; Opp'n at 12.

The Madera County District Attorney's office submitted the City of Madera Police Department's Request for Warrant to the Madera County Superior Court.  SUF ¶ 49; SGI ¶ 49.  On September 4, 2002, the Madera County Superior Court issued a felony warrant, listing the suspect only as "Ricardo Reyes" with the same description that appeared on Officer Godwin's Intake form.  SUF ¶ 50-51; SGI ¶ 50-51.  After the Court signed the September 5, 2002 Warrant of Arrest for Ricardo Reyes, the Warrant of Arrest was delivered to the Madera County Sheriff's Department.  SUF ¶ 53; SGI ¶ 53.  On June 26, 2003, the Madera County Superior Court issued a second warrant for the arrest of the suspect, listing the suspect as "Ricardo Reyes", and using the same descriptors as in the September 5, 2002 warrant.  SUF ¶ 55; SGI ¶ 55.  After the Court signed the June 26, 2003 Warrant of Arrest for Ricardo Reyes, the Warrant of Arrest was delivered to the Madera County Sheriff's Department.

It is the policy and practice of the Madera County Sheriff's Department to input only the data set forth in warrants of arrest into the Wanted Persons System ("WPS"), an electronic data system which can be accessed by other law enforcement agencies.  SUF ¶ 57, 61; SGI ¶ 57, 61.  Following the receipt of the September 5, 2002 warrant and the June 26, 2003 warrant, the Madera County Sheriff's Department input the information from the warrant into WPS.  SUF ¶ 58; SGI ¶ 58.

---

fact "Ricardo Juan Reyes Herrera" and that he had aliases including "Richardo Juan Reyes Herrera, aka Richardo J. Reyes H., akak Ricardo J. Reyes, aka Ricardo Juan Reyes Herrera, aka Ricardo Juan Reyes, aka Ricardo Herrera, aka Ricardo Juan Herrera, aka Ricardo Reyes Herrera, aka Juan Reyes, aka Ricardo Reyes."  SGI ¶ 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

On January 17, 2004, plaintiff Ricardo Rivera Reyes was driving his car on San Fernando Road in the City of Glendale. SUF ¶ 101; SGI ¶¶ 101, 6. Officer Darby, a GPD officer, stopped plaintiff on the purported basis that plaintiff's vehicle's license plate did not display the required registration sticker.[5] SUF ¶ 101; SGI ¶¶ 101, 6. During the traffic stop, Officer Darby contacted Glendale Police Communications to inquire about the existence of outstanding warrants for plaintiff. SUF ¶ 64; SGI ¶ 64. In response, Glendale Police Communications advised of an outstanding felony warrant for "Ricardo Reyes", with birthdate April 3, 1968, as well as the physical descriptors Sex: Male; Hair: Black; Eyes: Brown; Height: 5'3"; weight: 130; Race: Hispanic. SUF ¶ 65; SGI ¶ 65. After receiving the warrant information, Officer Darby also asked the dispatcher from Glendale Police Communications whether there was any further physical description of the warrant subject, and he was advised that there was not. SUF ¶ 67; SGI ¶ 67. Officer Darby compared the information provided by dispatch to plaintiff's physical appearance and identifying information listed on his driver's license. SUF ¶ 85; SGI ¶ 85. Plaintiff's date of birth, as listed on the driver's license, was the same as the date of birth listed on the warrant. SUF ¶ 87; SGI ¶ 87. The eye color (brown) was also a match. SUF ¶ 89; SGI ¶ 89. The suspect's weight listed on the warrant was 130 pounds, while plaintiff's weight listed on his driver's license was 140 pounds. SUF ¶ 90; SGI ¶ 90. Plaintiff was arrested by the GPD based on the September 5, 2002 warrant and was transported to Glendale City Jail. SUF ¶ 69; SGI ¶ 69.

At the Glendale City Jail, in the course of booking plaintiff, GPD booking officers ran a LiveScan on plaintiff, which consisted of electronically scanning his fingerprints through a database maintained by the California Department of Justice, and the LiveScan generated results showing plaintiff's identifying characteristics, including plaintiff's birth date. SGI ¶¶ 93, 103; SUF ¶ ¶ 93, 103. Plaintiff's criminal history was obtained by running his name and date of birth through a computerized database called Justice Data Interface Controller (JDIC), and a booking package was generated for plaintiff's arrest, comprised of the Los Angeles County Booking and Property Record Form, the Glendale City Jail Pre-Booking Form, the Los Angeles County Unified Arrestee Medical Screening Form, and the GPD Crime Summary Information/Probable Cause Declaration Form, the Los Angeles County Regional Identification System ("LACRIS") LiveScan Notification, two warrant abstracts from Madera County, and the criminal history and WPS information generated by JDIC. SUF ¶ 95, 97, 98; SGI ¶ 95, 97, 98. Plaintiff was

---

[5] Plaintiff disputes that his car did not display the required registration. SGI ¶ 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|----------|------------------------|------|----------------|
| Title    | Ricardo Rivera Reyes v. City of Glendale et al. | | |

in the custody of the Glendale Jail from approximately 9:45 a.m. to 3:47 p.m. SUF ¶ 100; SGI ¶ 100.

Plaintiff was transferred to the Los Angeles County Sheriff's Department's Inmate Reception Center for transportation arrangements to Madera County. SUF ¶ 100; SGI ¶ 100. When plaintiff was transferred to the Los Angeles County jail, GPD did not provide LASD with any information documenting its investigation of plaintiff's identity, and instead only provided the information on the warrants themselves and plaintiff's booking documentation, which was prepared by GPD. SUF ¶ 109; SGI ¶ 109. When GPD runs an individual's criminal history in connection with a warrant check, as a matter of policy it does not provide the criminal history to LASD if the individual is later transferred to LASD custody. SUF ¶ 109; SGI ¶ 109.

On January 23, 2004, plaintiff was transferred from the Department of Corrections in Los Angeles County to the Madera County Department of Corrections on January 23, 2004. SUF ¶ 71; SGI ¶ 71. On January 27, 2004, an identity hearing was conducted, at which time the Deputy District Attorney assigned to plaintiff's case obtained a photograph of the arrest warrant subject, which photograph the City of Madera had in its file. SUF ¶ 73; SGI ¶ 73. It was determined that plaintiff was not the subject of the warrant, and plaintiff was released on January 27, 2004. SUF ¶ 74; SGI ¶ 74.

## III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV.   DISCUSSION

### A.   42 U.S.C. § 1983

#### 1.   City of Madera, County of Madera, MPD, and Officer Godwin ("Madera Defendants")

"In order to state a civil rights claim against a municipality under 42 U.S.C. section 1983, a plaintiff must show that: (1) he has suffered a deprivation of a constitutionally protected interest; and (2) said deprivation was caused by an official policy, custom or usage of the municipality." Rogan v. Los Angeles, 668 F.Supp. 1384, 1387 (C.D. Cal. 1987), citing Monell v. Department of Social Services of the City of New York, 436 U.S. 659, 690-91 (1978). In other words, under Monell, a local government may not be liable, even where plaintiff has suffered a deprivation of a constitutionally protected interest, unless the alleged act is performed "in execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Monell, 436 U.S. at 694.

##### a.   Constitutionally Protected Interest

###### i.   Warrant and WPS System

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|----------|------------------------|------|----------------|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

Defendants argue first that plaintiff has not suffered a deprivation of a constitutionally protected interest.  The leading case in this area of the law is <u>Baker v. McCollan</u>, 443 U.S. 137 (1979).  <u>See</u> <u>Rogan</u>, 668 F.Supp. at 1389.  In <u>Baker</u>, the plaintiff's brother, masquerading as plaintiff, was arrested and absconded.  An arrest warrant was subsequently issued, and plaintiff was arrested.  Plaintiff was detained by the Dallas Police Department (the arresting police agency) from December 26, 1972 to December 30, 1972, then transferred to Potter County where he was detained from December 30, 1972 to January 2, 1973, when he was released when it was determined that he was not the proper subject of the warrant.  The <u>Baker</u> Court rejected plaintiff's Fourth and Fourteenth Amendment claims, holding

> Absent an attack on the validity of the warrant under which he was arrested, respondent's complaint is simply that despite his protests of mistaken identity, he was detained in . . . jail from December 30 . . . until January 2, when the validity of his protests was ascertained. Whatever claims this situation might give rise to under state tort law, we think it gives rise to no claim under the United States Constitution.

<u>Id.</u> at 143-44.  The Court further explained

> One . . . could not be detained indefinitely in the face of repeated protests of innocence even though the warrant under which he was arrested and detained met the standards of the Fourth Amendment. We may even assume, arguendo, that, depending on what procedures the State affords defendants following arrest and prior to actual trial, mere detention pursuant to a valid warrant but in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of liberty . . . without due process of law.  But we are quite certain that a detention of three days over a New Year's weekend does not and could not amount to such a deprivation.

<u>Id.</u> at 144-45.

In <u>Rogan v. Los Angeles</u>, 668 F.Supp. 1384 (C.D. Cal. 1987), the court noted that several post-<u>Baker</u> decisions have found that a mistaken arrest can deprive a person of his Fourth and Fourteenth Amendment rights where: "a) the arrest warrant is constitutionally infirm; or (b) the arrest warrant is valid but (i) the detention resulting from the arrest becomes too lengthy in light of the plaintiff's repeated protests of innocence or (ii) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

plaintiff is subjected to repeated arrests despite the fact that after the warrant's issuance the police receive notice of information exonerating the plaintiff." Id. at 1390, citing Guenther v. Holmgreen, 738 F.2d 879 cert. denied, 469 U.S. 1212 (1985); McKay v. Hammock, 730 F.2d 1367 (10th Cir. 1984); Harper v. McDonald, 679 F.2d 955 (D.C. Cir. 1982), cert. denied, 459 U.S. 864 (1982); Powe v. City of Chicago, 664 F.2d 639 (7th Cir. 1981); Shillingford v. Holmes, 634 F.2d 263 (5th Cir. 1981); Wanger v. Bonner, 621 F.2d 675 (5th Cir. 1980); Douthit v. Jones, 619 F.2d 527 (5th Cir. 1980); Whitley v. Seibel, 613 F.2d 682 (7th Cir. 1980).

In Rogan, 688 F.Supp. 1384, the plaintiff was arrested based upon a warrant that had been issued for an escaped prisoner who had used plaintiff's identification. Id. at 1388-89. After the police discovered that plaintiff was not the subject of the warrant, he was released after two hours. Later, plaintiff was again arrested four more times on the outstanding warrant. Id. The Rogan court noted that courts have held that an arrest warrant that correctly names the person to be apprehended generally satisfies the Fourth Amendment's particularity requirement, while an arrest warrant that incorrectly names the person is insufficient, unless it includes some other description that is sufficient to identify the arrestee. Id. at 1391, citing Powe v. City of Chicago, 664 F.2d 639, 645 (7th Cir. 1987). However, "an arrest warrant does not 'correctly name' the suspect if it accurately sets forth one or more of the suspect's aliases but fails to provide his correct, legal name." Id. In Rogan, the court noted that the arrest warrant and the NCIC [National Crime Information Center] record created pursuant to the warrant did not contain the suspect's correct legal name or his description, and the police had been put on notice that the suspect's true name was uncertain by the fact that the suspect used aliases.[6] Rogan, 688 F.Supp. at 1391. Furthermore, the Court noted that defendant officers failed to amend the arrest warrant and the NCIC record after plaintiff's initial erroneous arrest. Id. The Court therefore held that plaintiff had satisfied his burden of showing a deprivation of a constitutionally protected interest.

Defendants argue that in this case, the warrant under which plaintiff was arrested met the particularity standards of the Fourth Amendment, as well as Cal. Penal Code § 815 and Fed. R. Crim. P. 4, in that it included the subject's name, date of birth, and a physical description including height, weight, hair color, eye color, and race. Mot. at 15; 21; see Cal. Penal Code § 815 (warrant shall specify defendant's name); Fed. R. Crim. P.

---

[6] The NCIC record appears to be the functional equivalent of a WPS record.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

4(b)(1) (warrant must contain, *inter alia*, defendant's name or, if unknown, a description by which defendant can be identified with reasonable certainty). Furthermore, defendants argue that there is no allegation that there was insufficient probable cause for the warrant or that the warrant should not have issued. Mot. at 15-16. Furthermore, defendants argue that the City of Madera did not actually obtain the warrants, but instead only provided information to the District Attorney's office, and indeed, provided additional identifying information in the attached rap sheet, and that it was therefore not their responsibility that such information was not included in the warrant. Mot. at 16.

Plaintiff, however, argues that defendants are not entitled to summary judgment, because the warrant was, in fact constitutionally infirm. Plaintiff's arguments center in part around the CII number, a unique, fingerprint-matched numerical identifier. Opp'n at 3, citing Deposition of Lisa Chambers (MPD employee) 39:22-25; Deposition of Lieutenant Michael Salvador (designated agent for County of Madera) 18:10-15. Plaintiff argues that a CII number is generated upon a person's initial booking into a California jail, and that the CII number is used for every subsequent booking of that arrestee; the California Department of Justice ("CDOJ") is able to match the individual to the CII number through use of the arrestee's fingerprints. Mot. at 3, Deposition of Juan D. Lopez (Glendale jail administrator, Fed. R. Civ. P. R. 30(b)(6) designated agent for Glendale defendants concerning LiveScan and booking procedures) 18:7-19:16 (affirming that CII numbers have been used since 1990, and once a person is LiveScanned, a CII number will be transmitted if there is a match in the database). Plaintiff argues that a "major use" of the CII number is for generating its subject's rap sheet which, they argue, will reflect "the subject's known full name, aliases, birthdate, residential addresses, the subject's unique identifiers, such as social security, driver's license and FBI numbers, along with the subject's arrest and conviction history, including time spent in state custody." Opp'n at 3, citing 7/20/01 Cross dep. 14:2-4[7] (affirming that CII number is used for a criminal history record); Pl's Ex. CC (criminal history "rap

_____

[7] Defendants object to the Cross deposition cited. Dennis Cross was employed by the CDOJ, and was deposed by plaintiff's attorney in the case <u>Morales v. City of Los Angeles</u>, CV 98-3939-CAS. Defendants object to this deposition on the grounds that the deposition was taken in 2001, and there is no evidence that the polices and practices of the California Department of Justice were the same in February 2004. Furthermore, defendants argue that plaintiff never disclosed this witness. <u>See</u> Objections to Donald W. Cook at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

sheet" generated by Madera PD in conjunction with filing of the request for warrant to the Madera County Superior Court).

Plaintiff also notes that at the national level, individuals whose arrest is reported to the FBI are assigned an FBI number. 6/17/04 Cross Dep. 26:16-27:15; Deposition of Valerie Fercho-Tillery (CDOJ employee, Fed. R. Civ. P. Rule 30(b)(6) designated agent on the use and function of WPS system) 14:24-16:3.

Plaintiff argues that when an arrestee is booked in a California jail, that arrestee is LiveScanned, and the finger prints are transmitted electronically to the CDOJ. Within minutes, the CDOJ responds in one of two ways. If the arrestee's prints are already on file, the arrestee's CII number and associated identifiers, as well as the arrestee's criminal history, are sent to the arresting agency; if no match is made, the CDOJ assigns a newly created CII number and informs the arresting agency. Opp'n at 4, Deposition of Sergeant Gerald King (correctional sergeant at Madera County Department of Corrections) 10:23-11:6; Chambers Dep. 58:24-59:4.

Plaintiff argues that the CDOJ instructs and trains agencies that "[a] match made on WPS record does not, by itself, provide sufficient grounds to arrest a person" Opp'n at 5, citing Pl's Ex. OO ("Learning Domain 36, Information Systems" published by the California Commission on Peace Officer Standards and Training) ("POST") at 2-8.[8]  The WPS Manual stated that "WPS merely points to want, warrant, and fugitive files maintained by its contributors.  Do not confuse a "HIT" (match) on WPS with positive identification of the subject in question."  Pl's Ex. NN (WPS Manual) at 3-30.[9]  The

---

[8] Defendants object to this evidence on the ground that it has not been properly authenticated.  Defendants argue that plaintiff's counsel's only basis for authenticating these exhibits is his statement that the documents were produced in discovery, but plaintiff does not provide a foundation for this statement by providing the discovery responses signed by defense counsel. Defs' Joint objections at 6-7. However, defendants submit no specific challenge to the authenticity of the exhibit, and the Court finds defendants' arguments insufficient to prevent the Court from considering this evidence herein.

[9] Defendants object to this evidence on the ground that it has not been properly authenticated.  Defendants argue that plaintiff's counsel's only basis for authenticating these exhibits is his statement that the documents were produced in discovery, but

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|----------|----------------------|------|---------------|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

manual further states that "[p]ositive identification of a wanted person must be accomplished through the exchange of fingerprint facsimiles and other descriptors during the confirmation discussions between WPS record contributor and the holding agency." Pl's Ex. NN at 3-23. Defendants note that Valerie Fercho-Tillery, a CDOJ employee, testified that if an originating agency has the warrant subject's CII number or other optional information not required to be entered, it is encouraged that it is entered to reduce the probability of misidentification. Fercho-Tillery Dep. 23:10-24:1.

Plaintiff argues that the rap sheet for the warrant subject generated on May 16, 2002 following the creation of Officer Godwin's report, identified the suspect as "Richardo Juan Reyes Herrera", with ten aliases, the last of which was "Ricardo Reyes" as well as two different birthdates, a social security number, a CII number, FBI number, and a California's driver's license number. Opp'n at 6, citing Pl's Ex CC (rap sheet for "Richardo Juan Reyes Herrera").[10] The rap sheet also indicates that "Richardo Juan Reyes Herrera" had numerous prior arrests and convictions for domestic violence, which had been made by Madera County law enforcement agencies. Opp'n at 6-7, Ex. CC. Plaintiff further notes that the criminal complaint sworn by a MPD authorized agent stated that the subject of the warrant had sustained a November 17, 2000 felony conviction, which was also listed on the rap sheet for Richardo Juan Reyes Herrera. Pl's Ex. FF (Criminal Complaint).[11]

plaintiff does not provide a foundation for this statement by providing the discovery responses signed by defense counsel. Defs' Joint objections at 6-7. However, the Court notes that the document has been authenticated by an affidavit of Cheryl Steuer, the manager of the Automated Systems Program, Bureau of Criminal Information and Analysis, Division of California Justice Information Services, California Department of Justice.

[10] Defendants object to the rap sheet submitted on the ground that it was not properly authenticated. Defendants argue that plaintiff's counsel's only basis for authenticating these exhibits is his statement that the documents were produced in discovery, but plaintiff does not provide a foundation for this statement by providing the discovery responses signed by defense counsel. Defs' Joint objections at 6-7.

[11] Defendants object to the Criminal Complaint submitted on the ground that it was not properly authenticated. Defendants argue that plaintiff's counsel's only basis for authenticating these exhibits is his statement that the documents were produced in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|----------|------------------------|------|---------------|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

Plaintiff notes that MPD Commander Williams testified that the rap sheet generated for "Richardo Juan Reyes Herrera" did appear to in fact describe the suspect identified as "Ricardo Reyes" in Officer Godwin's report, based on the birth date, aliases, and date of conviction of previous crimes, and stated that he would have expected Officer Godwin to have concluded that the Herrera rap sheet described the suspect named in the arrest report. Opp'n at 8, citing Williams dep. 19:15-21:1, 23:17-24:5.

Plaintiff argues that, nevertheless, even though the Madera defendants knew that the warrant subject was the individual described in the rap sheet, Madera personnel input only those descriptors into WPS that were listed on the warrant, which were the descriptors Officer Godwin wrote on the D.A. intake form – "Ricardo Reyes," birth date, sex, ethnicity, height, weight, eye color and hair color.

Plaintiff argues that the Madera defendants violated the Fourth Amendment's requirement that a warrant must "particularly describ[e] . . . the person [] . . . to be seized," because, through the rap sheet, the Madera City and County defendants had the warrant subject's dispositive identifying information, yet they identified the warrant subject only as "Ricardo Reyes," a birthdate, and non-unique physical descriptors in both the police report and in the WPS system. Opp'n at 10. Plaintiff argues that "[i]n a state with a population of nearly 37 million that includes a Hispanic population of about 13 million, 'Ricardo Reyes' – practically the Spanish equivalent of John Smith – will turn up many individuals with that name and a birthdate of April 3, 1968." Opp'n at 10. Plaintiff argues that it was therefore plainly unreasonable to fail to include the CII and FBI numbers in WPS. Opp'n at 10, citing United States v. Cardwell, 680 F.2d 75, 78 (9th Cir. 1982) ("[o]ne of the crucial factors to be considered is the information available to the government. (Generic) classifications in a warrant are acceptable only when a more precise description is not possible"). Plaintiff argues that defendants have no justification for failing to identify the suspect by his full name and his unique biometric identifiers in WPS. Opp'n at 11. Plaintiff argues that the County "was the contact point for outside agencies seeking to verify the warrant and its application to a particular person. Yet not only did the county keep out of WPS the dispositive identifiers the county knew Herrera

_____

discovery, but plaintiff does not provide a foundation for this statement by providing the discovery responses signed by defense counsel. Defs' Joint objections at 6-7. However, it appears to the Court that this document is self-authenticating, and therefore defendants' objection is overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|----------|------------------------|------|----------------|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

had, the county did not make any of that information available when the Glendale PD called to confirm the warrant.  This violated CDOJ instructions for using WPS . . ."[12] Opp'n at 13.

Plaintiff further argues that Officer Godwin is liable for failing to include the unique biometric identifiers in the report submitted to the district attorney.  Plaintiff argues that Officer Godwin testified that he knew that, assuming the district attorney agreed with his conclusion, an arrest warrant would probably be issued, knew the warrant would be entered into WPS, knew that someone would be arrested based on the description provided, knew that Ricardo Reyes was a common name, and knew that a CII number uniquely identifies a person to the exclusion of all others.[13]  Pl's Ex. M (Godwin Dep.) at 47:1-5, 38:6-13; 36:4-14; 21:13-23.  Plaintiff argues that because Officer Godwin initiated the arrest process, he "was obligated to take reasonable steps to identify and verify the suspect's identity rather than lazily accepting the victim's description."[14] Opp'n at 12.

Plaintiff argues that "Cardwell should be the dispositive case."  Opp'n at 13.  In Cardwell, 680 F.2d at 78, the court found that the IRS had conducted a lengthy

---

[12] At the hearing, the County of Madera defendants argued that they cannot be liable, because the information they entered into the WPS system came directly from the warrant.  The County of Madera argued that it was the Madera County District Attorney's office that submitted the information to obtain the warrant, and that the district attorney is a state actor.  See Smith v. Link, 2008 U.S. Dist. LEXIS 82534 *8 ("[w]hile a district attorney has both state and county functions, they are a state actor when acting in [their] prosecutorial capacity").  Therefore, the County of Madera argues, it could not have been unreasonable for County employees to only enter the warrant information into WPS.  However, the question of whether the County of Madera possessed information outside of the warrant that more specifically identified the warrant subject, as well as the reasonableness of entering only information contained within the warrant where other information was available, are issues of fact that the Court finds inappropriate for summary judgment.

[13] Plaintiff has failed to submit some of the relevant pages cited to the Court.

[14] Plaintiff acknowledges that the Herrera rap sheet was generated after Godwin prepared his report.  Opp'n at 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

investigation enabling it to precisely identified the records that were the subject of a search warrant, yet the agency sought and obtained a warrant defined in broader terms; specifically, the warrant's only limitation on search and seizure of appellants' business papers was the requirement that they be the instrumentality or evidence of violation of tax evasion.  The court held that, given that the IRS had more specific information available to it, the warrant was invalid.  Id.  Plaintiff argues that the court's consideration in Cardwell of whether a "more precise description [was] . . . possible" demonstrates that the warrant issued here was not valid, because a more precise description was possible.  Opp'n at 13; also citing United States v. Spilotro, 800 F.2d 959, 963 ("In determining whether a description is sufficiently precise, we have concentrated on one or more of the following: (1) whether probable cause exists to seize all items of a particular type described in the warrant; (2) whether the warrant sets out objective standards by which executing officers can differentiate items subject to seizure from those which are not; and (3) whether the government was able to describe the items more particularly in light of the information available to it at the time the warrant was issued") (internal citations omitted).

Plaintiff also argues that Baker, 443 U.S. 137 is distinguishable from the instant case, because in Baker, (1) defendant was not responsible for the warrant's issuance, but was instead just the jailer, and (2) defendant had no reason to believe that plaintiff was not the warrant's subject.  Opp'n at 15.  By contrast, in this case, plaintiff argues "the Madera defendants told the superior court to issue warrants using general and non-unique identifiers, followed by Madera County inputting those identifiers into WPS, even though defendants knew who the real subject was, i.e., Richardo Juan Reyes Herrera, with nine known AKAs, CII #A09640649, FBI #733168MA7, Soc. Sec. No XXX-XX-5418.  Driver's license no. AXXXX857."  Opp'n at 15.  Plaintiff argues that "[d]efendants' reliance upon Baker is equivalent of claiming that an officer can provide false information to a magistrate to secure issuance of a search warrant, then claim he is not liable because he relied on the warrant."  Opp'n at 15.

Plaintiff argues that Fairley v. Luman, 281 F.3d 913 (9th Cir. 2002) is illustrative.  In Fairley, 281 F.3d 913, plaintiff John Fairley was taken into custody by the City of Long Beach for allegedly violating a restraining order, and was subsequently arrested on a warrant issued with his twin brother Joe Fairley.  Id. at 915.  Although the physical description of the two men were similar in some ways, their weights differed by 66 pounds and their drivers' license numbers were different.  Id.  Neither a fingerprint comparison or DMV check was completed during the twelve-day incarceration.  Id.  The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

court held that plaintiff had a liberty interest in being free from the 12-day incarceration without any procedural safeguards to verify the warrant under which he was detained. Id. at 918. The court held that "[i]n light of the importance of John's liberty interest, the significant risk of deprivation of that interest through the City's warrant procedures, and the minimum burden to the City of instituting readily available procedures for decreasing the risk of erroneous detention, the procedures afforded by the City to John failed to provide him due process under the Fourteenth Amendment."

Plaintiff also argues that the Madera defendants' wrongful conduct caused plaintiff's injury. Plaintiff notes that because plaintiff had a 1993 misdemeanor arrest and conviction, plaintiff had a CII number. Opp'n at 15. Furthermore, as a lawful resident alien, he had an FBI number, a social security number, and a California driver's license. Opp'n at 15. Therefore, plaintiff argues, "since none of [plaintiff's] unique identifiers matched those for Herrera . . ., had any of Herrera's numerical identifiers been inputted into WPS as they should have been (per the CDOJ), Mr. Reyes never would have been arrested on the warrant." Opp'n at 16

Defendants respond that plaintiff has cited no authority for the proposition that an arrest warrant must contain a CII or FBI number to satisfy the Fourth Amendment's particularity requirement, or that a warrant that identifies a subject's name, date of birth, address, and physical description is not sufficient for the Fourth Amendment  Reply at 2-3, citing Clark v. Heard, 538 F.Supp. 800, 804 (D.C. Tex. 1982) ("The general rule is that the inclusion of the name of the person to be arrested on the arrest warrant constitutes a sufficient description to satisfy the fourth amendment requirement that the person to be seized by described with particularity").

Defendants also argue that Cardwell, 680 F.2d 75 and Spilotro, 800 F.2d 959, are not applicable, because they deal with search warrants, rather than arrest warrants, and they stand for the unremarkable proposition that a "generic description" is not sufficient. Reply at 3. Defendants argue that because the warrants in this case are sufficient to reasonably identify the warrant subject, summary adjudication is appropriate. Reply at 4.

Defendants also argue that plaintiff is speculating when arguing that the rap sheet provided to the District Attorney in connection with Officer Godwin's report was in fact the rapsheet for the suspect in the report. Reply at 5. Defendant argue that at the time that Officer Godwin prepared his report, he did not have the suspect's fingerprints, and therefore, he could not have known that the rap sheet, which listed a number of aliases

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|----------|----------------------|------|---------------|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

and multiple birthdates, was in fact the rap sheet for the individual identified in the report. Reply at 6. Defendants argue that if Officer Godwin had assumed, without fingerprint confirmation, that the warrant subject (identified as "Ricardo Reyes") was the same person identified in subject of the rap sheet ("Richard Juan Reyes Herrera"), it would "create the possibility that the wrong subject information would be included in the arrest warrant." Reply at 6. Defendants note that in the declaration of Lesa Chambers, Office Supervisor at MPD, Chambers stated that "[u]pon receiving the police report at the records department, the personnel of the Madera Police Department performs a search of the CLETS [California Law Enforcement Telecommunication System] system and attaches 'rap sheets' of persons who <u>may</u> be the suspect identified in the police report." Reply at 6, citing Chambers Decl. ¶ 8 (emphasis added).

The Court concludes that plaintiff has raised an issue of fact as to whether Officer Godwin violated plaintiff's constitutional rights in failing to include additional information in his report submitted to the District Attorney's office. In particular, the report named the warrant subject as only "Ricardo Reyes", which, the evidence suggests, was the warrant subject's alias rather than his correct legal name. <u>See</u> <u>Rogan</u>, 668 F.Supp. at 1391 (while an arrest warrant that correctly names the person to be apprehended generally satisfies the Fourth Amendment's particularity requirement "an arrest warrant does not 'correctly name' the suspect if it accurately sets forth one or more of the suspect's aliases but fails to provide his correct, legal name"); <u>see also</u> Williams dep. 19:15-21:1, 23:17-24:5 (rap sheet generated for "Richard Juan Reyes Herrera" did appear to in fact describe the suspect identified as "Ricardo Reyes" in Officer Godwin's report, and that he would have expected Officer Godwin to have so concluded).

## ii.    Qualified Immunity for Officer Godwin

Defendants argue that, even if there was a constitutional violation, Godwin is nevertheless entitled to qualified immunity. Mot. at 18. The Supreme Court enunciated the two-part test for qualified immunity in <u>Saucier v. Katz</u>, 533 U.S. 194 (2001). First, the court must answer the question: "[t]aken in the light most favorable to the party asserting the injury do the facts alleged show the officer's conduct violated a constitutional right?" <u>Id.</u> at 201. If so, the court must then consider whether the constitutional right was clearly established. <u>Id.</u> A right is clearly established only if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." <u>Id.</u> at 202. In <u>Pearson v. Callahan</u>, 129 S. Ct. 808, 818 (2009) the Court recently clarified that the two-part <u>Saucier</u> test is not an "inflexible requirement." In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

other words, while the sequence set forth in <u>Saucier</u> is "often appropriate, it should no longer be regarded as mandatory.  The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  <u>Id.</u>

Defendants argue, as discussed above, that there was no constitutional violation because Officer Godwin only submitted his report to the District Attorney requesting that charges be filed, and that it was the District Attorney's Office that submitted documents requesting a warrant to issue, and that the warrant was actually issued by the Madera County Superior Court.  Defendants argue that the causal chain between Officer Godwin's actions and the warrants being issued were broken by the District Attorney and the judge, and therefore, Officer Godwin cannot be held liable.  Mot. at 22, citing <u>Smith v. Gonzales</u>, 670 F.2d 522 (5th Cir. 1982) (if the facts supporting an arrest are put before an intermediary such as a magistrate or grand jury, the intermediary's decision to issue a warrant or return an indictment breaks the causal chain and insulates the initiating party . . ."). Furthermore, defendants argue that the warrant was sufficiently specific, and that, therefore, (as previously discussed), Officer Godwin cannot be liable for violating a constitutional right.  Mot. at 20.  Defendant argues that there is no clearly established authority that requires that a CII number of FBI number be provided to meet the warrant specificity requirement under the Constitution.  Plaintiff, however, argues that defendants cannot demonstrate that the district attorney's acts cut-off liability.  Opp'n at 15, citing <u>Greenstreet v. County of San Bernardino</u>, 41 F.3d 1306, 1310 (9th Cir. 1994) (where affidavit was so lacking in probable cause such that a reasonable officer would not have sought a search warrant, defendant officer could not rely on judge's probable cause determination to immunize him, because "the burden [is] on the officer applying for the warrant to minimize this danger by exercising reasonable professional judgment").

The Court cannot conclude as a matter of law that Officer Godwin is entitled to qualified immunity.  As stated herein, the Court finds that, taken in a light most favorable to plaintiff, plaintiff has presented evidence with which a reasonable juror could conclude that Officer Godwin's failure to enter information naming the suspect by his full name violated a clearly established constitutional right.[15]

---

[15] Defendants argue that that the County of Madera is not liable for constitutional violations, because his detention in the Madera facility for four days, from Friday,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

### b.    Official Policy, Custom, or Usage

Defendants argue that the City of Madera and the County of Madera are entitled to judgment as a matter of law, because there is no evidence of any official policy, custom or usage engaged in by the City of Madera that violated plaintiff's rights.  Mot. at 16, 30.  Specifically, defendants argue that plaintiff was arrested a single time, and he has shown no pattern that would indicate an official policy.  Mot. at 16.  This, defendants argue, renders this case distinguishable from Rogan, wherein the Court found that the City's failure to "(i) adopt any policy, (ii) train, and (iii) supervise its police officers regarding: (a) the Fourth Amendment requirement that the arrest warrant and the NCIC record created pursuant thereto describe the suspect with particularity; and (b) the procedures for and the necessity of amending the NCIC record when additional or more accurate descriptive information became available were both grossly negligent and systemic in nature" such as to give rise to Monell liability.  668 F.Supp. at 1398.

Plaintiff argues that Officer Godwin testified that in procuring the warrant, he was acting in accordance with his training and department policy.  Opp'n at 16, citing Godwin

---

January 23, 2004 to the time of his identity hearing on Tuesday, January 27, 2004, was not sufficiently lengthy under Baker, 443 U.S. 137, 145-46.  Mot. at 24.  In Baker, plaintiff was detained by the Dallas Police Department from December 26, 1972 to December 30, 1972, then transferred to Potter County where he was detained from December 30, 1972 to January 2, 1973, when he was released when it was determined that he was not the proper subject of the warrant.  Id. at 141.  The Baker Court held that the Sheriff of Potter County was not liable, as "a detention of three days over a New Year's weekend does not and could not amount to" a deprivation.  Baker, 443 U.S. at 145.  However, Baker is distinguishable from the instant action.  In Baker, there was no issue as to whether the warrant was constitutionally infirm.  Id. at 144.  Here, by contrast, the Court has found an issue of fact as to whether the warrant satisfied the requirements of the Fourth Amendment.  See also Rogan, 668 F.Supp. 1384 (noting that several post-Baker decisions have found that a mistaken arrest can deprive a person of his Fourth and Fourteenth Amendment rights where: "a) the arrest warrant is constitutionally infirm; or (b) the arrest warrant is valid but (i) the detention resulting from the arrest becomes too lengthy . . . ) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

Dep. 47:21-25, 49:4-10.[16]  Plaintiff argues that Commander Williams admitted that it was City practice to include on the DA intake form only descriptors included in the arrest report.  Opp'n at 17, citing Williams 6/27/07 dep, 22:4-22.  Plaintiff further argues that it was County of Madera policy not to input other descriptors into WPS because they were not listed on the warrant.  Opp'n at 9, Salvador Dep. 30:15-31:3 ("Q: I understand what the practice is, is that you enter the warrant descriptors as stated on the arrest report.  And one of the consequences of that practice is even if it's known to Madera County personnel that the subject of this warrant has additional descriptors, unique descriptors which would very well identify the subject to the exclusions of all other persons, those descriptors will not be inputted because they're not on the warrant as received from the Superior Court; is that correct? . . . A: "I would say yes").

Furthermore, plaintiff argues that the Madera defendants are liable for failure to properly train their employees.  "It is well settled that inadequate training or supervision can constitute an actionable policy or custom under the second prong of the Monell municipal liability test." Rogan, 668 F.Supp. at 1395, citing Bergquist v. County of Cochise, 806 F.2d 1364, 1370 (9th Cir. 1986).  "However, mere negligence does not give rise to section 1983 liability." Id., citing Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 666-67, 88 L. Ed. 2d 662 (1986); Bergquist, 806 F.2d at 1370. "Conversely, a 'policy' of gross negligence in training or supervision gives rise to section 1983 liability. Id., citing Bergquist, 806 F.2d at 1370.  Plaintiff argues that in violation fo the instruction and training by the CDOJ, the Madera defendants (1) failed to train their employees that WPS can record a warrant subject's CII number, social security number, driver's license number, and aka's.  Opp'n at 18.  Furthermore, plaintiff argues that City of Madera failed to train its personnel on the department's obligation to maintain a master case file or other records for warrants entered into WPS, and thus, contrary to CDOJ requirements, was not able to verify whether the warrant applied to plaintiff.  Opp'n at 18, citing POST 2-8 ("[a] match made on a WPS record does not, by itself, provide sufficient grounds to arrest a person.  Confirmation of the information is necessary"); 1/26/06 Dep. of Gerald King (Ex. P) 22:9-16 (stating that he would assume that the CDOJ wants the originating agencies to include all the reports or records pertaining to the incident which generated the arrest warrant as part of the master case record, and that he would expect the MPD to have master case records for warrants in WPS originated with

---

[16] Plaintiff cites to Ex. M, however plaintiff failed to attach to Exhibit M the relevant pages cited.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

the MPD).

In <u>Fairley</u>, 281 F.3d at 918, the court held that <u>Monell</u> liability was sufficiently established at trial, because "Chief Luman testified at trial that he was the chief policymaker for law enforcement matters [and that the] decision not to instigate any procedures to alleviate the problem of detaining individuals on the wrong warrant could constitute a policy in light of his testimony he knew it was 'not uncommon' that individuals were arrested on the wrong warrant, and that the problem was particularly acute where twins were involved." <u>Id.</u> at 918.

Defendants respond that an alleged failure to train personnel to enter information from the rap sheet into either Officer Godwin's report or WPS is not sufficient to demonstrate liability, because there is no evidence that Officer Godwin never definitively determined that the rap sheet was in fact for the same person listed in his report. Reply at 8. Defendants also argue that plaintiff has failed to demonstrate any causal connection between the alleged failure by the City of Madera to maintain a master case file, as required by the CDOJ, and a constitutional violation. Reply at 8. Defendants argue that, in fact, the City of Madera was never contacted to verify the warrant information, so no master case file was ever needed. Reply at 8.

The Court concludes that plaintiff has raised an issue of material fact as to whether the Madera defendants are liable under <u>Monell</u>. Plaintiff has cited specific evidence indicating that the submission of Officer Godwin's report without identifiers obtained from the rap sheet as well as the failure to enter further available identifiers into the WPS system, occurred pursuant to Madera policy, practice, and custom, and whether the County defendants failed to properly train their employees in inputting information into the WPS system. Therefore, summary judgment is inappropriate.

    **4.**    **Officer Darby, GPD, and City of Glendale ("Glendale Defendants")**

        **a.**    **Officer Darby**

            **i.**    **Initial Traffic Stop**

Plaintiff argues that his detention was unlawful, because the sole basis for initially detaining plaintiff was the alleged absence of vehicle registration, when in fact, plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

did in fact have a valid (temporary) registration.  Opp'n at 19, citing Reyes Dep. 27:14-28:14, 29:18-25.  Defendants counter that Officer Darby's initial traffic stop is justified, because he had reasonable suspicion that a traffic violation had occurred: namely, that Officer Darby observed a vehicle driven with what appeared to be expired registration in violation of Cal. Veh. Code § 4000(a)(1)(C).  Mot. at 34, citing <u>Whren v. United States</u>, 517 U.S. 806, 810 (1996) ("An automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances. As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred").  Defendant argues that plaintiff admits that the vehicle had only temporary registration, and because the vehicle did not display current registration, as is normally affixed pursuant to the California Vehicle Code, it was not unreasonably for Officer Darby to believe that the vehicle was not registered.  Reply at 9.

Furthermore, defendants argue that in fact, the validity of the stop has no bearing on plaintiff's arrest.  Reply at 10, citing <u>Townes v. City of New York</u>, 176 F.3d 138, 149 (2d Cir. 1999) ("[t]he lack of probable cause to stop and search does not vitiate the probable cause to arrest, because (among other reasons) the fruit of the poisonous tree doctrine is not available to assist a § 1983 claimant."); <u>Wren v. Towe</u>, 130 F.3d 1154, 1158 (5th Cir. 1997) (exclusionary rule does not apply in a § 1983 action).

The Court agrees that plaintiff has failed to present evidence that the traffic stop was unreasonable, and that, even if it were, this would not render plaintiff's entire detention unreasonable.  Therefore, plaintiff may not rely on the initial stop to survive summary judgment.

### ii.    Arrest

Defendants further argue that Officer Darby reasonably concluded that plaintiff was the subject of the felony arrest warrant, and that, therefore, he is not liable for a constitutional violation.  Mot. at 35, citing <u>Hill v. California</u>, 401 U.S. 797, 802 (1971) ("[w]hen the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest"); <u>Johnson v. Miller</u>, 680 F.2d 39 (7th Cir. 1982) ("[i]f an officer executing an arrest warrant  must do so at peril of damage liability under section 1983 if there is any discrepancy between the description in the warrant and the appearance of the person to be arrested, many a criminal will slip away while the officer anxiously compares the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|----------|----------------------|------|---------------|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

description in the warrant with the appearance of the person named in it and radios back any discrepancies to his headquarters for instructions"). Specifically, defendants argue that plaintiff's first and last names (drawn from his driver's license) along with his birth date, hair color, and eye color were all matches with those of the warrant subject.[17] Mot. at 35. Furthermore, defendants argue that the height and weight comparisons were only off by one inch (5'3" on the warrant and 5'4" on the driver's license) and 10 pounds, respectively.[18] Mot. at 35. Furthermore, defendants argue that because probable cause was established, Officer Darby was not required to explore plaintiff's claims of innocence. Mot. at 35; see Baker v. McCollan, 443 U.S. 145-46 ("Given the requirements that arrest be made only on probable cause . . ., we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent . . .").

Defendants further argue that, even if Officer Darby's actions did violate plaintiff's constitutional right, he is nevertheless entitled to qualified immunity, because a reasonable officer could have believed that Officer Darby's conduct was lawful. See Saucier, 533 U.S. at 202. Furthermore, defendants argue that plaintiff has presented no evidence that he has a clearly established right to be free from arrest based on mistaken identity. Reply at 11.

The Court concludes that plaintiff has failed to demonstrate that there is an issue of fact as to whether Officer Darby could be liable for plaintiff's arrest, because, even viewing the evidence in a light most favorable to plaintiff, Officer Darby is entitled to qualified immunity. Plaintiff's name, birth date, and eye color were identical to those listed in the WPS system, while his weight, hair color, and height were very close to those listed in the WPS system. Therefore, a reasonable officer would have believed that Officer Darby's conduct in arresting plaintiff pursuant to the warrant was lawful. See Saucier, 533 U.S. at 202.

---

[17] Plaintiff disputes that the hair color was an exact match, noting that the hair color on the driver's license is listed as "brown" while the hair color in the warrant is "black". See Supplemental Declaration of Donald W. Cook, Ex. A (plaintiff's driver's license).

[18] Plaintiff, however, presents evidence that the height listed on plaintiff's driver's license was 5'5". See Supplemental Declaration of Donald W. Cook, Ex. A (plaintiff's driver's license).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|----------|----------------------|------|---------------|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

### ii.  City of Glendale and GPD

Defendants argue that the City of Glendale and GPD cannot be liable, because, as argued elsewhere herein, the arrest and detention of plaintiff pursuant to a warrant that matched his name and description did not violate his rights.  Mot. at 37.  Furthermore, defendants argue that the City of Glendale and GPD are not liable, because plaintiff was detained by the City of Glendale for less than one day, which, under Baker, 443 U.S. 137, is insufficient to establish liability. See also Kennel v. Gates, 215 F.3d 825 (2000) (where plaintiff was arrested on facially valid warrant and there was probable cause to believe that plaintiff was named in the warrant, "[e]ven assuming that defendant's failure to investigate plaintiff's mistaken identity claim further or to inquire about the results of the fingerprint analysis was unreasonable or negligent, those actions cannot amount to a constitutional violation for this six-day confinement").

Furthermore, defendants argue that, even if a violation occurred, plaintiff cannot establish liability under Monell.  Mot. at 39.  Defendants argue that plaintiff's allegations that the City of Glendale should have performed further investigation to confirm his identity is not sufficient to establish a City of Glendale/Glendale Police Department policy, because plaintiff is essentially making a negligence argument, which cannot rise to the level of a constitutional violation.  See Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989) ("mere negligence or lack of due care by state officials does not trigger the protections of the fourteenth amendment and therefore does not state a claim under section 1983").

Plaintiff, however, argues that the evidence shows that, once plaintiff was LiveScanned, his criminal history was obtained.  In addition, a print-out listing six different individuals with names of Ricardo Reyes or similar was obtained.  Opp'n at 19-20, citing Pl's Ex. QQ (CLETS teletype).  The first individual on this second print out is plaintiff, listed as CII #A10506417; "Reyes, Ricardo Rivera"; date of birth:4/3/1968; male; eyes brown; and hair brown.  The second individual on the printout, plaintiff argues, is the individual who was actually the subject of the warrant.  He is listed as "Ricardo Reyes"; CII #A0964649; date of birth 4/3/1968; male; eyes brown; hair black. Defendant notes that upon being shown the CLETS printout in deposition, GPD Lieutenant Kirk Palmer was asked whether, if someone at GPD jail saw that there were two Ricardo Reyes with the same birthdate listed on the printout, they should have done something, he responded "Yes. Absolutely." He then affirmed that "one thing they could do is, they could generate the rap sheet for this Ricardo Reyes under # A09640649."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

Palmer Dep. 33:11-35:15.  The rap sheet generated, plaintiff argues, would have indicated that the second individual listed on the printout had had multiple contacts with Madera County.  Opp'n at 23.  Plaintiff's rap sheet, obtained through LiveScan, indicated that he had not had contacts with Madera County.  Opp'n at 23.  Lieutenant Palmer agreed that if they had run the rap sheets on both defendants, it "should have caused someone to rethink the conclusion that plaintiff was the subject of the felony warrant out of Madera County."  Palmer Dep. 36:5-15.  Plaintiff argues that it was unreasonable for jail personnel to ignore the CLETS report and rely solely on the information Officer Darby acquired in the field, and that instead, defendants were required to make a thorough investigation.  Opp'n at 23.

Furthermore, plaintiff argues that based on instruction from the CDOJ, Glendale personnel should have known that the WPS suspect description was insufficient for booking purposes, and that the identity should have been verified "through the exchange of fingerprinting facsimiles and other descriptors during the confirmation discussions between the WPS record contributor [i.e. Madera County Sheriff's Department] and the holding agency [i.e. GPD]."  Opp'n at 23, citing WPS Manual 3-23.

Plaintiff also argues that after GPD generated a rap sheet for plaintiff, generated through a LiveScan fingerprint match, should have in and of itself indicated that plaintiff was not the subject of the warrant.  Plaintiff argues that "Glendale personnel knew that the Madera warrants alleged charged was for violating a domestic restraining order.  But after LiveScanning plaintiff, Glendale personnel had official documentation that (a) there was no record that plaintiff had ever been in Madera County; (b) plaintiff was not and had not been the subject of a domestic restraining order."  Opp'n at 23.[19]  Plaintiff argues

---

[19] To support this statement, plaintiff cites Pl's Statement of Undisputed Fact 224 and 239.  Pls's SUF 224 states that "law enforcement records generated by GPD upon booking plaintiff Mr. Reyes and concerning whether the Plaintiff was or had been the subject of a domestic restraining order, show no record that he had [ever] been the subject of a domestic restraining order."  To support this fact, plaintiff cites the deposition of Raymond Cooley, the Fed. R. Civ. P. Rule 30(b)(6) designated agent for the City of Glendale and the Glendale Police Department at 35:14-37:16 (Exhibit F).  However, plaintiff has failed to provide pages 36 and 37 of the deposition.  Defendants object that the statements violate the best evidence rule, lack foundation, do not authenticate the documents referred to, and are inadmissible hearsay.  Defs' Objections at 69.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|----------|----------------------|------|---------------|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

that Glendale was not free to ignore evidence indicating that plaintiff was not the person
sought in the warrant.  Opp'n at 24-25, citing Fairley, 281 F.3d at 915, n.1 (noting that
police had the fingerprints of the warrant subject and plaintiff and they could have been
compared, and also noting that officers knew that plaintiff had a twin brother).  Plaintiff
further notes that Cooley stated in deposition that the booking of plaintiff was in
accordance with the policy, practice, or custom of GPD.  Cooley Dep. 54:1-13.

Defendants respond that Fairley, 281 F.3d 913 is distinguishable, because here,
unlike in Fairley, the City of Glendale did not have obvious evidence that established that
plaintiff was not the subject of the warrant.  Defendants argue that "[a]lthough Plaintiff

---

Plaintiffs SUF 239 states that "[u]pon livescanning plaintiff Glendale officials
received official confirmation that plaintiff had never been detained, arrested, or
convicted of any crime arising out fo the County of Madera, nor had he spent any time in
state prison.  Plaintiff cites Cooley dep. 52:6-18, but has failed to submit page 52.
Defendants object that the statements are irrelevant, assume facts not in evidence, calls
for speculation, and misstates the evidence.  Defs' Objections at 76.

However, plaintiff also submits as evidence Ex. LL, the GPD generated criminal
history rap sheet showing the information maintained under plaintiff's fingerprints.
Plaintiff is correct that this rap sheet does not show any contact with Madera County.
Defendants object to this evidence, arguing that it has not been properly authenticated.
Defendants argue that plaintiff's counsel's only basis for authenticating these exhibits is
his statement that the documents were produced in discovery, but plaintiff does not
provide a foundation for this statement by providing the discovery responses signed by
defense counsel.   However, defendant submits no specific challenge to the authenticity
of Ex. LL, and the Court finds defendants' arguments unavailing, and considers this
document herein.

Plaintiff also cites the Soderberg deposition, in which Soderberg was asked
whether it was correct that an officer had to "exercise the appropriate level of care,
including that the arrestee is the subject of the admittedly valid warrant" and Soderberg
replied that "that's what the LiveScan process is supposed to do.  Soderberg Dep. 130:19-
131:7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

claims that if the jailer had the rap sheets of Plaintiff and the warrant subject, and if those had been reviewed, the jailer would have seen that the subject warrant had ties to Madera whereas Plaintiff did not. However, there is no evidence that the jailer had both rap sheets or any other readily identifiable information that on its face would have exonerated Plaintiff." Reply at 12. Defendants argue that to the extent plaintiff claims the jailer should have read the file more carefully, his allegations amount to mere negligence, not a constitutional deprivation. Reply at 12.

The Court concludes that plaintiff has raised an issue of fact as to whether employees of the GPD and City of Glendale violated his constitutional rights. For example, drawing all inferences in a light most favorable to plaintiff, a reasonable jury could conclude that jail personnel violated plaintiff's constitutional rights in ignoring the CLETS report, which allegedly demonstrated that there were two Ricardo Reyes with the same date of birth, and in ignoring the lack of contacts with Madera on plaintiff's LiveScan generated rap sheet and instead relying solely on the information Officer Darby acquired in the field. Furthermore, plaintiff has raised an issue of fact as to whether, based on instruction from the CDOJ, Glendale personnel should have known that the WPS suspect description was insufficient for booking purposes.

In addition, plaintiff has also raised a question of fact as to whether defendants' actions were pursuant to an official, policy, or custom of the Glendale defendants, such that they would be subject to liability under Monell. See Cooley Dep. 53:24-54:6 (affirming that booking of plaintiff was in conformance with the policy, practice and procedure of the GPD). Therefore, the Court declines to grant summary judgment in favor of the GPD or the City of Glendale.

### 6.    County of Los Angeles and LASD ("Los Angeles Defendants")

Defendants argue that the Los Angeles defendants cannot be liable for a constitutional violation, because they had no notice that plaintiff was not the subject of the warrants. Mot. at 43-44. First, defendants argue that although plaintiff alleges that he told LASD personnel that "it was a mistake" and that he "was not the person that they were looking for," these statements were insufficient to put LASD personnel on notice that plaintiff was arrested on a warrant for which he believed he was not the subject. Mot. at 44; citing Reyes Dep. 58:15061:8; 73:5-10; 74:1-9; 90:21-92:25. Instead, defendants argue that plaintiff's statements would have been interpreted only as a mere protestation of innocence of the arrest charges, unrelated to the warrant. Mot. at 44.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

However, the Court notes that when asked in deposition, Reyes specifically affirms that
he complained that the warrant was not for him.  Reyes Dep. 60: 17-19.

Defendants also argue that the Los Angeles defendants cannot be liable, because a
custodial agent is under no duty to investigate the arrestee's identity, even where the
arrestee complains he is not the person wanted by the warrant.  See Baker v. McCollan,
443 U.S. 145-46 ("Given the requirements that arrest be made only on probable cause . .
., we do not think a sheriff executing an arrest warrant is required by the Constitution to
investigate independently every claim of innocence, whether the claim is based on
mistaken identity or a defense such as lack of requisite intent . . .").  Defendants note
further that in Baker, the custodial agent was in possession of information (fingerprints
and photograph of the true warrant subject) indicating that the plaintiff was not the
subject of the warrant, whereas here, the Los Angeles defendants had no such
information.  Mot. at 48; see Baker, 443 U.S. at 151.  Here, defendants note that it is
undisputed that when plaintiff was transferred to Los Angeles county jail, GPD did not
provide any information documenting its investigation into plaintiff's identity, and that
LASD only had the warrants themselves as well as plaintiff's booking documentation
prepared by GPD.  SUF ¶ 109-110; SGI ¶ 109-110.  Therefore, defendants argue, because
defendants were found not liable for a constitutional violation in Baker, they cannot be
found liable here.  Defendants also argue that Fairley is distinguishable, because it dealt
with the duty of the arresting agency to investigate, rather than the duty of the subsequent
custodial agency.  See 281 F.3d at 918.

Furthermore, the Los Angeles defendants argue that even if they violated plaintiff's
constitutional right, they are not liable under Monell, because there is no evidence of a
policy, practice, or custom of the city of Los Angeles or LASD.  Mot. at 49.  Defendants
argue that in fact Los Angeles has instituted procedures for handling disputed warrant
procedures.  Specifically, defendants argue that it is LASD policy to investigate an
inmate's complaint of mistaken identity by comparing the inmates CII number with that
reflected on the warrant, and comparison of the inmate's physical description and date
of birth with the warrant subject.  Mot. at 50; SUF 115-118.  Defendants argue that the jail's
Inmate Reception Center ("IRC"), thorough its Disputed Warrant Verification Program
("DWVP"), maintains a "disputed warrant log book", which demonstrate that between
March 1, 2003 and February 29, 2004, IRC personnel conducted 4,000 disputed warrant
verifications.  Mot. at 50.  Of these inmates, defendants argue that 112 were in
circumstances similar to plaintiff's, in that they were arrested and booked on warrants
seeking the arrest of another individual, were brought to IRC, were not brought to court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

in response to a complaint of mistaken identity, and were ultimately released due to discovery of mistaken identity. Mot. at 51; Perry Decl. ¶ 17; Myers Decl. ¶¶ 4-5.[20] Therefore, defendants argue "[i]t can hardly be said that LASD acts with deliberate indifference when it appears the arresting agency may have made a mistake in matching an inmate with a warrant . . ." Mot. at 50; see Beed v. County of Los Angeles, 2007 WL 1723717 *3 (C.D.Cal. 2007) (rejecting Monell liability where plaintiff was incarcerated for four days in the custody of the Los Angeles Police Department and two days in Los Angeles county jail before being released after it was determined that the warrant was for a different person, finding that plaintiff had presented no evidence of a policy of ignoring mistaken identity claims, and had failed to show that the County accepts an outside agency's determination of an arrestee's identity at face value).[21]

Plaintiff acknowledges that the Los Angeles defendants did not have all of the information generated by the Glendale defendants, including the CLETS report, but argues that they knew plaintiff was complaining that he was not the subject of the warrant, but nevertheless ignored plaintiff's complaint, pursuant to policy or custom.

---

[20] Plaintiff objects to the two declarations, arguing that they should be stricken in violation of Fed. R. Civ. P. 26(a)(1)(A)(I). See Pl's Mot to Strike. However, the Court does not rely on these declarations in reaching its conclusion.

[21] Plaintiff submits evidence purporting to demonstrate that the Los Angeles defendants have a policy or custom of ignoring disputed identity claims, despite the DWVP system. First, plaintiff submits the declarations of plaintiff's counsel's clients in other matter, who testified that their complaints of mistaken identity in L.A. county jail were unheeded. Cook Decl. ¶ 11. Furthermore, plaintiff submits a comparison between the number of inmates released from Los Angeles County jail on the basis that they were the "wrong defendant" and the number of individuals listed in the DWVP log, which plaintiff argues indicate that only 36 of the individuals who were released as the "wrong defendant" appeared in the DWVP logs. Cook Decl. ¶ 12-14. Defendants object to this evidence on multiple grounds, including that the various deponents were not disclosed pursuant to Fed. R. Civ. P. R. 26(a)(1)(A)(I). Defendants further object that the analysis conducted by plaintiff's counsel is irrelevant, because there is no evidence that (1) the individuals who were released ever complained that they were not the individual listed on the warrant, or (2) that the individuals who were released were ever at IRC, where the DWP system is in place.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

Opp'n at 25; Reyes Dep. 58:12-18; 59:9-17; 60:4-21.  Furthermore, plaintiff argues that Los Angeles County jail personnel knew that relying on WPS descriptors was insufficient to book someone on a warrant, but failed to perform a review, through which they would have determined that GPD failed to perform the required verification. Opp'n at 25.

Defendants respond that plaintiff has produced no evidence that the personnel to whom he allegedly complained knew that he was in custody on a warrant, and had reviewed or ever had seen his paperwork.  Reply at 14.  Defendants argue that they "acknowledge that, had Plaintiff produced evidence that he informed personnel that he had been arrested on a warrant, or that the personnel to whom he complained had independent knowledge that he was in custody on a warrant, his claim that his detention was a 'mistake' would provide notice sufficient to trigger an investigation.  As it is, however, LASD personnel would not have thought to initiate a disputed warrant verification simply based on Plaintiff's statements."  Reply at 14.

The Court concludes that plaintiff has failed to raise a genuine issue of material fact as to whether the Los Angeles defendants are liable for a constitutional violation. Unlike the defendants in Rogan, the Los Angeles defendants had no role in procuring the warrant or entering information into the WPS system.  See 668 F.Supp. 1384. Furthermore, it is undisputed that when plaintiff was transferred to LASD custody, GPD did not provide LASD with any information documenting its investigation into plaintiff's identity.  SUF ¶ 109; SGI ¶ 109.  Plaintiff has also presented no authority for the proposition that a constitutional right to an investigation was triggered by plaintiff's complaint that his arrest was a mistake.[22]  Furthermore, even if there was a constitutional violation, the evidence that plaintiff has submitted to establish a custom, policy or practice, even if admissible, is too speculative to raise an issue of fact as to whether the Los Angeles defendants, in contravention of the official DWVP program, routinely ignored complaints of mistaken identity such that they are subject to Monell liability. Therefore, summary judgment in favor of the Los Angeles defendants on plaintiff's § 1983 claim is appropriate.

---

[22] The Court finds the facts of Fairley, 281 F.3d 913 to be distinguishable, because in Fairley, plaintiff was held for 12 days, plaintiff was held by the arresting agency, defendant was on notice that plaintiff was a twin, and that plaintiff's name was different from the name on the warrant, and defendant continued to hold plaintiff significantly past the third day when the charges were dropped.  Id. at 915.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

**B.   Cal. Civ. Code § 52.1**

Cal. Civ. Code 52.1(a) provides that

> If a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California . . .

Cal. Civ. Code § 52.1(b) provides that an individual whose rights have been violated in the manner described in subsection (a) may also bring a cause of action under that section.

Defendants argue that because there was no interference with a "constitutional or statutory right", there can be no liability under Cal. Civ. Code § 52.1.  Mot. at 33; see Thompson v. County of Los Angeles, 142 Cal.App.4th 154, 173 (2006) ("[w]ithout any [rights] violation, there is no conduct upon which to base any claim under Civil Code section 52.1").  However, because the Court has found herein that there is a question of fact as to whether plaintiff's constitutional rights were violated, this argument is unavailing.

Defendants further argue that there is no evidence of "threats, intimidation, or coercion" that would give rise to liability under Cal. Civ. Code § 52.1.  Mot. at 23, citing Venegas v. County of Los Angeles, 32 Cal. 4th 820, 843 (2004) ("Civil Code section 52.1 does not extend to all ordinary tort actions because its provisions are limited to threats, intimidation, or coercion that interferes with a constitutional or statutory right"); City and County of San Francisco v. Ballard, 136 Cal.App.4th 381, 408 (2006) ("Civil Code section 52.1 does "require an attempted or completed act of interference with a legal right, accompanied by a form of coercion").

Plaintiff responds that, by definition, holding someone in custody is coercive. Therefore, plaintiff argues, upon proof that any defendant violated plaintiff's state or federal rights through wrongful imprisonment, defendant will be liable.  However, in Justin v. City and County of San Francisco, 2008 WL 1990819 (N.D. Cal. 2008), the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

court held that "Section 52.1 is only applicable when a defendant intends by his or her conduct to interfere with a separate, affirmative right enjoyed by a plaintiff; it does not apply to a plaintiff's allegation of use of excessive force absent a showing that the act was done to interfere with a *separate* state or federal constitutional right." Id. at *9 (emphasis added), citing Jones v. Kmart Corp, 17 Cal.4th 329, 334 (1998).

In his supplemental brief, plaintiff argues that Justin, 2008 WL 1990819 is unpersuasive, because it fails to cite Venegas, 32 Cal.4th 820. Plaintiff notes that in Venegas, 32 Cal.4th at 843, the court held that dismissal of plaintiffs' claims for unreasonable search and seizure and false detention and arrest was inappropriate, because plaintiffs had alleged "unconstitutional search and seizure violations extending far beyond ordinary tort claims" and that dismissal was inappropriate as long as the acts were alleged to be "accompanied by requisite threats, intimidation, or coercion."

Furthermore, plaintiff argues that Justin is unpersuasive, because the only cited California authority for the rule articulated in Justin, 2008 WL 1990819, was Jones, 17 Cal.4th 329, a case which primarily addressed not the issue at hand, but rather the question of whether Section 52.1 requires state action. See 17 Cal. 4th at 334. Plaintiff is correct regarding the primary focus of Jones, although the Jones court did affirm that "section 52.1 does require an attempted or completed act of interference with a legal right, accompanied by a form of coercion." See Jones, 17 Cal.4th at 334.

Plaintiff also argues that the Court should follow Cole v. Doe 1 thru 2 Officers of City of Emeryville Police Dept., 387 F.Supp.2d 1084 (N.D. Cal. 2005). In Cole, the court held that "[u]se of law enforcement authority to effectuate a stop, detention (including use of handcuffs), and search can constitute interference by "threat[ ], intimidation, or coercion" if the officer lacks probable cause to initiate the stop, maintain the detention, and continue a search." Id. at 1103.

Defendants, however, argue that the holding in Justin, 2008 WL 1990819, is sound and should be followed. Furthermore, defendants note that Venegas is still an active case, and that the California Superior Court recently granted summary adjudication on the Section 52.1 claim on ground that plaintiff failed to show "evidence of threats, intimidation or coercion above and beyond a detention (alleged to be a false arrest)" and stated that "[t]he Court believes there must be conduct beyond the false arrest or unduly long detention to trigger 52.1. Otherwise 52.1 is present in every false arrest. 52.1 implies egregious conduct bringing into play the additional sanctions provided by 52.1."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

See Supplemental Decl. Of Scott E. Caron, Ex. A.  Defendants argue that this Court should similarly reject the notion that false imprisonment, by itself, constitutes "coercion."

        Both parties note that section 52.1 is modeled on the Massachusetts Civil Rights Act of 1979.  See Cole, 387 F.Supp.2d at 1103. "Decisions construing the Massachusetts statute may thus be consulted in applying our statute."  Id.   In Cole, the court noted that Massachusetts has not limited the definition of coercion to actual or attempted physical force.  Id. at 1103-04, citing Buster v. George W. Moore, Inc., 438 Mass. 635 (2003) ("actionable coercion is the application to another of such force, either physical or *moral*, as to constrain him to do against his will something he would not otherwise have done") (emphasis in original).  However, defendants note that Massachusetts cases have also held that "[a] direct violation of a person's rights does not by itself involve threats, intimidation, or coercion and thus does not implicate the Act."  Opp'n at 1, quoting Longval v. Commissioner of Correction, 404 Mass. 325, 333-34 (1989) ("we see no coercion, within the meaning of the State Civil Rights Act, simply from the use of force by prison officials, authorized to use force, in order to compel a prisoner to do something he would not willingly do, even if it turns out that the official had no lawful right to compel the prisoner to take that action"); see also Abdullah v. Secretary of Public Safety, 42 Mass. App. Ct. 387 (1997) (no threats, intimidation, or coercion where inmate was transferred prior to a reclassification hearing and without being informed of the reason for the transfer).

        The Court acknowledges that there is inconsistency in the law with regard to whether an alleged false imprisonment can, in and of itself, involve sufficient coercion so as to give rise to a cause of action under Cal. Civ. Code § 52.1.  The Court finds granting defendants' motion for summary judgment to be inappropriate, because under relevant case law, plaintiff may be able to show sufficient coercion on the part of defendants so as to support a finding of liability under Cal. Civ. Code § 52.1. See Cole, 387 F.Supp.2d at 1103 ("[u]se of law enforcement authority to effectuate a stop, detention (including use of handcuffs), and search can constitute interference by "threat[ ], intimidation, or coercion" if the officer lacks probable cause to initiate the stop, maintain the detention, and continue a search").  However, because the Court has found herein that there is no issue of fact as to whether the County of Los Angeles falsely imprisoned plaintiff, the Court finds granting defendants' motion with regard to the County of Los Angeles to be appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|----------|----------------------|------|---------------|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

### C.   False Imprisonment

#### 1.   City of Madera and County of Madera

"The elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." Easton v. Sutter Coast Hosp., 80 Cal. App. 4th 485, 496 (2000).  Plaintiff's complaint cites Sullivan v. County of Los Angeles, 12 Cal.3d 710 (1974) as an analogous case.  In Sullivan, plaintiff was unlawfully imprisoned passed his release date when the judge's clerk failed to issue a release order.  The court held that the county could be liable for false imprisonment, stating "[u]nder California common law the jailer has long been held liable for false imprisonment if he knew or should have known of the illegality of the imprisonment." Id. at 716.  The court stated that "[t]he test requires either that the sheriff have actual knowledge that the imprisonment of the plaintiff is unlawful or alternatively that he have some notice sufficient to put him, as a reasonable man, under a duty to investigate the validity of the incarceration." Id. at 718; see also Smith v. Madruga, 193 Cal.App.2d 543, 546 (1961) ("[t]he protection given officers of the law in serving a warrant of arrest is not unlimited. An officer is not discharged from liability [for false imprisonment] if he fails to take precaution to ascertain if the person about to be arrested is the party against whom the warrant was issued or if he refuses to act upon information offered to him which would have disclosed that a mistake was being made by serving the warrant upon the wrong person").

Defendants argue first that the City of Madera never participated in the arrest and incarceration of plaintiff; instead they argue, the City of Madera's only role was in investigating the allegations against the suspect and submitting a report with their findings to the District Attorney's Office.  Mot. at 10-11.  Therefore, the City of Madera defendants argue, they are not liable for false imprisonment.

Furthermore, defendants argue that the Madera defendants are entitled to immunity from plaintiff's false imprisonment claim.  Defendants argue that plaintiff was arrested and booked based on a valid warrant, and therefore, his arrest was under "due forms of law" and "color of legal authority." See Collins v. City and County of San Francisco, 50 Cal. App. 3d 671, 676 (1975) (finding that where officer had complied with the formal requirements of the law by swearing out a legal warrant, there could be only malicious prosecution, not false arrest, because "[t]he distinction between malicious prosecution

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|----------|------------------------|------|---------------|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

and false imprisonment is an important one, and is stated to be that in malicious prosecution the detention is malicious but under due forms of law, whereas in false imprisonment the detention is without color of legal authority").[23]

Moreover, defendants argue that the County of Madera cannot be held liable for holding plaintiff in the Madera County Department of Corrections, because "it is not the function of an arresting officer to investigate the procedure by which the warrant was issued, nor is it his duty to consider the propriety of its issuance provided the warrant is regular on its face." Mot. at 31, quoting Lopez v. City of Oxnard, 207 Cal. App. 3d 1, 8 (1989). In Lopez, plaintiff was arrested three times on an outstanding warrant for a suspect with the same name, birth date, address, and physical description as plaintiff. Id. at 4. After plaintiff's first arrest, the court provided him with a disposition sheet stating that plaintiff was not the person named in the warrant. Id. However, when arrested again, he showed the disposition sheet to the arresting officer and sheriff, and they refused to verify its validity. Id. The court held the police officers and jailers were not liable for false imprisonment. Id. The court found that plaintiff had made no allegations that the warrant was irregular on its face or did not adequately describe him, and therefore, there could be no liability for the arresting officers. Id. at 8. Furthermore, the court rejected plaintiff's contentions that the jail personnel's failure to consider the disposition sheet resulted in false imprisonment and stated that there was no duty to consider the disposition sheet. Id. at 11. The court stated that "[j]ail personnel may not be similarly situated to police officers on the street, but they, too, are entitled to rely on process and orders apparently valid on their face." Id. at 9. The court stated that, unlike in Sullivan v. County of Los Angeles, "the sheriff simply refused to look behind a valid warrant to investigate the validity of statements on a piece of paper handed to him by an arrestee. The sheriff violated no statute. And . . . Lopez could not languish in jail for months or years. By law, a defendant must be taken to appear before a magistrate within

---

[23] Defendants further argue that Cal. Civ. Proc. Code § 262.1 provides that "[a] sheriff or other ministerial officer is justified in the execution of, and shall execute, all process and orders regular on their face and issued by competent authority, whatever may be the defect in the proceedings upon which they were issued." Defendants argue that after plaintiff was arrested by Glendale Police, incarcerated in Los Angeles County, and subsequently transported to Madera County, Madera County personnel were justified in the further execution of the facially valid warrant. Mot. at 31.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

two days after his arrest, excluding Sundays and holidays." Id. The court noted that plaintiff was released within a few hours the second time he was arrested. Id. The court stated:

> a sheriff, as a ministerial officer of the court, may safely proceed to incarcerate an individual on a warrant apparently valid on its face which comes from a court with subject matter jurisdiction. ( Code Civ. Proc., § 262.1.) It is true that under Sullivan liability may attach when the sheriff actually knows the imprisonment was illegal or when the sheriff has sufficient notice from an official source which calls for further investigation into the validity of the incarceration. But, generally this rule applies in situations where the sheriff is not acting pursuant to a warrant valid on its face.

Id. at 11 (internal citations omitted).

Plaintiff, however, argues that Lopez is distinguishable, because in Lopez, the court found that there was "no factual question whether the officer had a reasonable belief that Lopez was the person named in the warrant," whereas here, such a question exists. Opp'n at 29, citing Lopez, 207 Cal.App.3d at 7. Plaintiff further argues that defendants did not use "reasonable prudence and diligence." Opp'n at 28, citing Smith, 193 Cal.App.2d at 547 (officer should use "prudence and diligence to find out if the party arrested is the party described in the warrant"). Plaintiff argues that "when [the County of Madera] took custody of Mr. Reyes on January 23, 2004, defendant had the Herrera rap sheet and Herrera's photograph from a previous incarceration, and acknowledged, via its booking officer, that plaintiff wasn't the subject. Still Madera County did nothing."[24] Opp'n at 28. Defendants, however, responds that plaintiff has failed to present any evidence that the jailers were aware of anything other than an individual being detained pursuant to two facially valid warrants that matched his description. Reply at 18.

The Court concludes that plaintiff's claim against the City of Madera fails as a matter of law, because plaintiff has presented no evidence that the City of Madera took part in intentionally confining plaintiff. See Easton, 80 Cal. App. 4th at 496. The County

---

[24] It is unclear what evidence plaintiff is relying on for the proposition that "defendant acknowledged, via its booking officer, that plaintiff wasn't the subject." See Opp'n at 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

of Madera, by contrast, is not entitled to summary judgment, because plaintiff has raised an issue of fact as to whether the County of Madera "knew or should have known of the illegality of the imprisonment." Sullivan, 12 Cal.3d at 716.

## 2.    City of Glendale and County of Los Angeles

Defendants argue that the City of Glendale and the County of Los Angeles are immune from liability for false imprisonment, because there was probable cause for plaintiff's arrest. Mot. at 40, citing Cal. Penal Code § 847(b) ("There shall be no civil liability . . . against[] any peace officer . . .  acting within the scope of his or her authority, for false arrest or false imprisonment arising out of any arrest under any of the following circumstances: (1) The arrest was lawful, or the peace officer, at the time of the arrest, had reasonable cause to believe the arrest was lawful."); Cal. Civ. Code § 43.55(a) ("There shall be no liability on the part of, and no cause of action shall arise against, any peace officer who makes an arrest pursuant to a warrant of arrest regular upon its face if the peace officer in making the arrest acts without malice and in the reasonable belief that the person arrested is the one referred to in the warrant"); see also Lopez, 207 Cal.App.3d 1 (1989); Cal. Gov't Code § 815.2 ("Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability").

Plaintiff replies that defendants' claims regarding immunity under various statutes are incorrect.  Opp'n at 29, citing Cal. Gov't Code 820.4 ("A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law. Nothing in this section exonerates a public employee from liability for false arrest or false imprisonment"); Asgari v. City of Los Angeles, 15 Cal.4th 744, 752 (1997) ("under California law, a police officer is granted statutory immunity from liability for malicious prosecution, but not for false arrest and imprisonment").  Plaintiff argues that "[b]oth the Glendale and LA County defendants had notice of dispositive official information that would have excluded Mr. Reyes as the warrants' subject, information readily available at practically no effort.  Yet defendants did nothing."  Opp'n at 28.

The Court concludes that plaintiff has raised an issue of fact as to whether, based on the CLETS printout and the rap sheet generated by LiveScan, the City of Glendale "knew or should have known of the illegality of the imprisonment." Sullivan, 12 Cal.3d at 716.  However, it is undisputed that when plaintiff was transferred to Los Angeles county jail, GPD did not provide any information documenting its investigation into

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

plaintiff's identity, and that LASD only had the warrants themselves as well as plaintiff's booking documentation prepared by GPD. SUF ¶ 109-110; SGI ¶ 109-110. Therefore, plaintiff has failed to demonstrate that there is an issue of fact as to whether the Los Angeles defendants "knew or should have known of the illegality of the imprisonment." Sullivan, 12 Cal.3d at 716. Therefore, summary judgment in favor of the Los Angeles defendants is appropriate.

### D. Negligence

Defendants argue that the City of Madera defendants are entitled to summary judgment on plaintiff's negligence claim, because the City of Madera defendants did not breach a duty of care owed to plaintiff.

Defendants note that it is undisputed by the parties that the City of Madera does not have a jail, does not fingerprint detainees, and does not enter warrants into WPS. SUF ¶ 31; SGI ¶ 31. If a crime occurs in the City of Madera, it is investigated by the MPD. SUF ¶ 32; SGI ¶ 32. The police officer prepares a written report, which is forwarded to a reviewing sergeant for approval and review, and then is sent to the MPD records department. SUF ¶ 33; SGI ¶ 33. The report, as well as a "rap sheet" are then forwarded to the Madera County District Attorney's Office. SUF ¶ 35; SGI ¶ 35.

Defendants argue that the City of Madera defendants were not negligent, because the MPD provided the District Attorneys' office in this case with all the physical description information for the suspect, as well as a "rap sheet", for the District Attorney to decide if the individual in the police report was the same as the individual on the rap sheet. Mot. at. 10. Defendants argue that if the District Attorney's office determined that the individual in the rap sheet and in the report were the same person, it could have included the further descriptors obtained from the rap sheet in the warrant documents, but it decided not to do so. Mot. at 10. Because the City of Madera defendants did not obtain, enter, or maintain the warrant, and did not arrest plaintiff, they argue that they were not negligent in the arrest and detention of plaintiff.

The remaining defendants further argue that there is no statutory basis for plaintiff's negligence claim. See Cochran v. Herzog Engraving Co., 155 Cal. App. 4th 1444, 1454-55 (1996) ("under the statutory scheme in California, all government tort liability must be based on statute"); Cal. Gov't Code § 815(a) ("Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|----------|----------------------|------|---------------|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

arises out of an act or omission of the public entity or a public employee or any other person"). Defendants argue that they are therefore immune. Opp'n at 42; citing Cal. Gov't Code § 821.6 ("[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause"); Cal. Civ. Code § 43.55(a) ("There shall be no liability on the part of, and no cause of action shall arise against, any peace officer who makes an arrest pursuant to a warrant of arrest regular upon its face if the peace officer in making the arrest acts without malice and in the reasonable belief that the person arrested is the one referred to in the warrant").

The principal function of Cal. Gov't Code § 821.6 is to provide relief from malicious prosecution. Blakenhorn v. City of Orange, 485 F.3d 463 (9th Cir. 2007). "But the statute also extends to actions taken in preparation for formal proceedings, including actions incidental to the investigation of crimes." Id. "Even so, section 821.6, as it applies to police conduct, is limited to actions taken in the course or as a consequence of an investigation." Id. (finding that because plaintiff's claims were based on actions that allegedly occurred during his arrest, rather than pursuant to an investigation into his guilt section 821.6 did not apply to plaintiff's negligence claim).

"Immunity under § 821.6 specifically applies to allegations of negligence." Ewing v. City of Stockton, 2008 U.S. Dist. LEXIS 9528 *96 (E.D. Cal. 2008). "Moreover, immunity under section 821.6 is not limited to conduct during formal proceedings; rather, the statute also extends to actions taken in preparation for formal proceedings, including actions incidental to the investigation of crimes because an investigation is an essential step in initiating such proceedings." Id. (finding that defendant was immune from liability for inclusion of erroneous criminal history in and two overbroad categories of items in the search warrant, because it occurred during the investigatory stage).

However, courts have held that under California law, public employees are not entitled to immunity from claims of false arrest and/or false imprisonment as well as other state law claims that are derived from allegations of false arrest and/or false imprisonment. Manning v. City of Rohnert Park, 2006 U.S. Dist. LEXIS 93452 *12-13 (N.D. Cal. 2006) ("[]plaintiff is correct that if his state law tort claims, such as negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress, are derivative of a valid claim of false arrest or imprisonment, these claims are also not precluded by section 821.6"), citing Martinez v. Los Angeles, 141 F.3d 1373, 1382 (1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|----------|----------------------|------|---------------|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

Furthermore, Cal. Gov. Code § 815.2(a) provides that a city is liable for acts and omissions of its employees under the doctrine of *respondeat superior* to the same extent as a private employer. Martin v. City of South Lake Tahoe, 2007 U.S. Dist. LEXIS 54220 *45 (2007). "Unlike the rule against municipal liability under federal law set out in Monell, California imposes liability on municipalities under the doctrine of respondeat superior. Under California law, a city's immunity depends upon whether the police officers are immune." Id.; see also Pankey v. City of Concord, 2007 U.S. Dist. LEXIS 59123 (N.D. Cal. 2007) ("Section 815.2 establishes that public entities are liable for the torts of their employees so long as the employee does not enjoy a statutory immunity").

The Court finds that plaintiff has raised an issue of fact regarding the negligence of the City of Glendale and the County of Madera in imprisoning plaintiff. Furthermore, because plaintiff's negligence claim against these defendants derives from his false imprisonment claim, and because the Court has found herein that plaintiff has a valid claim for false imprisonment against the County of Madera and the City of Glendale, the Court finds that the City of Glendale and the County of Madera are not immune under Cal. Gov. Code § 821.6. However, for the reasons stated with regard to plaintiff's false imprisonment claim, the Court finds that plaintiff has failed to demonstrate a valid claim of negligence against the City of Los Angeles. Furthermore, because the negligence claims against the City of Madera does not sound in false imprisonment, the Court finds that the City of Madera defendants are immune under Cal. Gov. Code § 821.6. See Manning, 2006 U.S. Dist. LEXIS 93452 at 12-13; see also Blakenhorn v. City of Orange, 485 F.3d 463 (9th Cir. 2007) ("section 821.6, as it applies to police conduct, is limited to actions taken in the course or as a consequence of an investigation."); Garcia v. City of Merced, 2008 U.S. dist. Lexis 2135 * 35 (obtaining an arrest warrant is an activity conducted in the process of an investigation . . .").

**V.      CONCLUSION**

For the foregoing reasons, the Court concludes as follows:

(1) on plaintiff's claim for violation of his civil rights pursuant to 42 U.S.C. § 1983, the Court DENIES defendants' motion for summary judgment as to the City of Glendale, Glendale Police Department, City of Madera, Madera Police Department, the County of Madera, and Officer Godwin and GRANTS defendants' motion for summary judgment as to Officer Darby, the County of Los Angeles, and the Los Angeles Sheriffs Department;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | July 23, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

(2) on plaintiff's claim for violation of Cal. Civ. Code § 52.1, the Court GRANTS defendants' motion for summary judgment as to the County of Los Angeles, and otherwise DENIES defendants' motion for summary judgment;

(3) on plaintiff's claim for false imprisonment, the Court DENIES defendants' motion for summary judgment as to the City of Glendale and the County of Madera and GRANTS defendants' motion for summary judgment as to the County of Los Angeles and the City of Madera;

(4) on plaintiff's claim for negligence, the Court DENIES defendants' motion for summary judgment as to City of Glendale and the County of Madera and GRANTS defendants' motion for summary judgment as to the County of Los Angeles and the City of Madera.

IT IS SO ORDERED

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |