UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  **(IN CHAMBERS)**

**Defendants Madera Police Department, Daniel Godwin and City of Madera's Motion in Limine** (filed 7/20/2009)

**Defendant County of Madera's Motions in Limine** (filed 7/20/2009)

**Plaintiff's Motions in Limine** (filed 7/20/2009)

## I.    INTRODUCTION

Plaintiff Ricardo Reyes filed the instant action on January 12, 2005 against City of Glendale, Glendale Police Department ("GPD"), County of Los Angeles, Los Angeles Sheriffs Department ("LASD"), City of Madera, Madera Police Department ("MPD"), County of Madera, M Gonzalez ("Gonzalez"), and Does 1 through 10. Plaintiff's complaint alleges claims for: (1) violation of his civil rights pursuant to 42 U.S.C. § 1983 (against all defendants); (2) violation of Cal. Civ. Code § 52.1 (against City of Glendale, County of Los Angeles, County of Madera, and Does 1-10); (3) false imprisonment (against City of Glendale, County of Los Angeles, City of Madera, County of Madera, and Does 1-10); and (4) negligence (against City of Glendale, County of Los Angeles, City of Madera, County of Madera, and Does 1-10). On April 25, 2005, Justin Darby ("Officer Darby") was substituted as a defendant for Doe 1. On January 27, 2006, Daniel Godwin ("Officer Godwin") was substituted for Doe 2.

On April 18, 2007, defendants MPD, Officer Godwin, and City of Madera filed motions for summary judgment. On July 24, 2007, defendants County of Los Angeles

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|----------|------------------------|------|------------------|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

and LASD filed a motion for summary judgment. Also on July 24, 2007, defendants Officer Darby, City of Glendale, and GPD filed a motion for summary judgment or, alternatively, partial summary judgment. On August 23, 2007, the Honorable George P. Schiavelli (ret.), to whom this case was then assigned, issued an order to show cause, ordering plaintiff and City of Glendale to show cause why the Court should not impose sanctions, including dismissal of the action, in light of the parties' failure to file timely pretrial documents. On September 17, 2007, the Court ordered the entire action dismissed with prejudice as a sanction for plaintiff's failure to prosecute. On October 17, 2007, plaintiff appealed to the Ninth Circuit Court of Appeals. On March 17, 2009, the Ninth Circuit reversed the dismissal of plaintiff's case, and remanded.[1]

On May 26, 2009, defendants MPD, County of Madera, Officer Darby, Officer Godwin, City of Glendale, GPD, County of Los Angeles, and LASD filed a joint motion for summary judgment. The Court held a hearing on the summary judgment motion on July 13, 2009. On July 23, 2009, the Court issued an order finding as follows: (1) on plaintiff's claim for violation of his civil rights pursuant to 42 U.S.C. Section 1983, the Court denied defendants' motion for summary judgment as to the City of Glendale, Glendale Police Department, City of Madera, Madera Police Department, the County of Madera, and Officer Godwin and granted defendants' motion for summary judgment as to Officer Darby, the County of Los Angeles, and the Los Angeles Sheriffs Department; (2) on plaintiff's claim for violation of Cal. Civ. Code Section 52.1, the Court granted defendants' motion for summary judgment as to the County of Los Angeles, and otherwise denied defendants' motion for summary judgment; (3) on plaintiff's claim for false imprisonment, the Court denied defendants' motion for summary judgment as to the City of Glendale and the County of Madera and granted defendants' motion for summary judgment as to the County of Los Angeles and the City of Madera; (4) on plaintiff's claim for negligence, the Court denied defendants' motion for summary judgment as to City of Glendale and the County of Madera and granted defendants' motion for summary judgment as to the County of Los Angeles and the City of Madera.

On July 20, 2009, defendants MPD, Officer Godwin and the City of Madera (collectively, "Madera City defendants") filed their motions in limine 1-8. On July 27,

---

[1] This action was then randomly reassigned to this Court on March 17, 2009 in light of Judge Schiavelli's retirement from this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|----------|------------------------|------|------------------|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

plaintiff filed an opposition to the Madera City defendants' motions, only opposing motions 5 through 8.

On July 20, 2009, defendant Madera County filed three motions in limine. On July 27, 2009, plaintiff filed oppositions to Madera County's motions.

On July 20, 2009, plaintiff filed two motions in limine. Madera County filed an opposition to plaintiff's motion in limine no. 1 on July 27, 2009.[2]

A hearing was held on August 10, 2009, after which the matter was taken under submission. Madera County filed a supplemental brief regarding motion in limine no. 3 on August 14, 2009. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.    BACKGROUND

On September 8, 2000, Paula Reyes sought and obtained a Domestic Violence Prevention Restraining Order in Madera County Superior Court Case No. CV07914 against "Ricardo Reyes" (sometimes referred to herein as the "restraining order subject").[3] Def's Summary Judgment Statement of Undisputed Facts ("SUF") ¶ 42; Pl's Summary Judgment Statement of Genuine Issues ("SGI") ¶ 42. In May 2002, Paula Reyes twice reported to the City of Madera Police that the restraining order subject had violated the restraining order. SUF ¶ 37; SGI ¶ 37. Based on these reports, the MPD sought a warrant for the arrest of the restraining order subject. SUF ¶ 44; SGI ¶ 44. MPD Officer Godwin prepared the District Attorney Intake Form submitted in conjunction with the request that "Ricardo Reyes" be charged with felony and

---

[2] Plaintiff filed a reply on August 5, 2009. However, the Court does not accept replies on motions in limine. Therefore, the Court does not consider the reply herein.

[3] Plaintiff disputes this fact to the extent that it indicates that defendants only knew "Ricardo Reyes" by that name, arguing that the subject of the restraining order was in fact "Ricardo Juan Reyes Herrera" and that he had aliases including "Richardo Juan Reyes Herrera, aka Richardo J. Reyes H., akak Ricardo J. Reyes, aka Ricardo Juan Reyes Herrera, aka Ricardo Juan Reyes, aka Ricardo Herrera, aka Ricardo Juan Herrera, aka Ricardo Reyes Herrera, aka Juan Reyes, aka Ricardo Reyes." SGI ¶ 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|----------|------------------------|------|-----------------|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

misdemeanor offenses.  SUF ¶ 45; SGI ¶ 45. Officer Godwin described the subject of the warrant as "Ricardo Reyes," Sex: Male; Hair: Black; Eyes: Brown; Height: 5'3"; Weight: 130; Race: Hispanic, and included his birthdate.  SUF ¶ 46; SGI ¶ 46.  Officer Godwin's description of the subject did not include a middle name and did not include any aliases. SUF ¶ 47-48; SGI ¶ 47-48.  When the report prepared by Officer Godwin went to the MPD records department, a criminal history "rap sheet" was attached.  SUF ¶ 38; Opp'n at 12.

The Madera County District Attorney's office submitted the City of Madera Police Department's Request for Warrant to the Madera County Superior Court.  SUF ¶ 49; SGI ¶ 49. On September 4, 2002, the Madera County Superior Court issued a felony warrant, listing the suspect only as "Ricardo Reyes" with the same description that appeared on Officer Godwin's Intake form.  SUF ¶ 50-51; SGI ¶ 50-51.  After the Court signed the September 5, 2002 Warrant of Arrest for Ricardo Reyes, the Warrant of Arrest was delivered to the Madera County Sheriff's Department.  SUF ¶ 53; SGI ¶ 53.  On June 26, 2003, the Madera County Superior Court issued a second warrant for the arrest of the suspect, listing the suspect as "Ricardo Reyes", and using the same descriptors as in the September 5, 2002 warrant.  SUF ¶ 55; SGI ¶ 55.  After the Court signed the June 26, 2003 Warrant of Arrest for Ricardo Reyes, the Warrant of Arrest was delivered to the Madera County Sheriff's Department.

It is the policy and practice of the Madera County Sheriff's Department to input only the data set forth in warrants of arrest into the Wanted Persons System ("WPS"), an electronic data system which can be accessed by other law enforcement agencies.  SUF ¶ 57, 61; SGI ¶ 57, 61.  Following the receipt of the September 5, 2002 warrant and the June 26, 2003 warrant, the Madera County Sheriff's Department input the information from the warrant into WPS.  SUF ¶ 58; SGI ¶ 58.

On January 17, 2004, plaintiff Ricardo Rivera Reyes was driving his car on San Fernando Road in the City of Glendale.  SUF ¶ 101; SGI ¶¶ 101, 6.  Officer Darby, a GPD officer, stopped plaintiff on the purported basis that plaintiff's vehicle's license plate did not display the required registration sticker.[4]  SUF ¶ 101; SGI ¶¶ 101, 6.  During the traffic stop, Officer Darby contacted Glendale Police Communications to inquire

---

[4] Plaintiff disputes that his car did not display the required registration.  SGI ¶ 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

about the existence of outstanding warrants for plaintiff. SUF ¶ 64; SGI ¶ 64. In response, Glendale Police Communications advised of an outstanding felony warrant for "Ricardo Reyes", with birthdate April 3, 1968, as well as the physical descriptors Sex: Male; Hair: Black; Eyes: Brown; Height: 5'3"; weight: 130; Race: Hispanic. SUF ¶ 65; SGI ¶ 65. After receiving the warrant information, Officer Darby also asked the dispatcher from Glendale Police Communications whether there was any further physical description of the warrant subject, and he was advised that there was not. SUF ¶ 67; SGI ¶ 67. Officer Darby compared the information provided by dispatch to plaintiff's physical appearance and identifying information listed on his driver's license. SUF ¶ 85; SGI ¶ 85. Plaintiff's date of birth, as listed on the driver's license, was the same as the date of birth listed on the warrant. SUF ¶ 87; SGI ¶ 87. The eye color (brown) was also a match. SUF ¶ 89; SGI ¶ 89. The suspect's weight listed on the warrant was 130 pounds, while plaintiff's weight listed on his driver's license was 140 pounds. SUF ¶ 90; SGI ¶ 90. Plaintiff was arrested by the GPD based on the September 5, 2002 warrant and was transported to Glendale City Jail. SUF ¶ 69; SGI ¶ 69.

At the Glendale City Jail, in the course of booking plaintiff, GPD booking officers ran a LiveScan on plaintiff, which consisted of electronically scanning his fingerprints through a database maintained by the California Department of Justice, and the LiveScan generated results showing plaintiff's identifying characteristics, including plaintiff's birth date. SGI ¶¶ 93, 103; SUF ¶¶ 93, 103. Plaintiff's criminal history was obtained by running his name and date of birth through a computerized database called Justice Data Interface Controller (JDIC), and a booking package was generated for plaintiff's arrest, comprised of the Los Angeles County Booking and Property Record Form, the Glendale City Jail Pre-Booking Form, the Los Angeles County Unified Arrestee Medical Screening Form, and the GPD Crime Summary Information/Probable Cause Declaration Form, the Los Angeles County Regional Identification System ("LACRIS") LiveScan Notification, two warrant abstracts from Madera County, and the criminal history and WPS information generated by JDIC. SUF ¶ 95, 97, 98; SGI ¶ 95, 97, 98. Plaintiff was in the custody of the Glendale Jail from approximately 9:45 a.m. to 3:47 p.m. SUF ¶ 100; SGI ¶ 100.

Plaintiff was transferred to the Los Angeles County Sheriff's Department's Inmate Reception Center for transportation arrangements to Madera County. SUF ¶ 100; SGI ¶ 100. When plaintiff was transferred to the Los Angeles County jail, GPD did not provide LASD with any information documenting its investigation of plaintiff's identity, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|----------|------------------------|------|------------------|
| Title    | Ricardo Rivera Reyes v. City of Glendale et al. | | |

instead only provided the information on the warrants themselves and plaintiff's booking documentation, which was prepared by GPD.  SUF ¶ 109; SGI ¶ 109.  When GPD runs an individual's criminal history in connection with a warrant check, as a matter of policy it does not provide the criminal history to LASD if the individual is later transferred to LASD custody.  SUF ¶ 109; SGI ¶ 109.

On January 23, 2004, plaintiff was transferred from the Department of Corrections in Los Angeles County to the Madera County Department of Corrections on January 23, 2004.  SUF ¶ 71; SGI ¶ 71.  On January 27, 2004, an identity hearing was conducted, at which time the Deputy District Attorney assigned to plaintiff's case obtained a photograph of the arrest warrant subject, which photograph the City of Madera had in its file.  SUF ¶ 73; SGI ¶ 73.  It was determined that plaintiff was not the subject of the warrant, and plaintiff was released on January 27, 2004.  SUF ¶ 74; SGI ¶ 74.

## III.   DISCUSSION

### A.   DEFENDANT  MADERA COUNTY'S MOTIONS IN LIMINE

#### 1.   MOTION IN LIMINE NO. 1: EXCLUDE INTRODUCTION OF EVIDENCE NOT DISCLOSED PURSUANT TO FED. R. CIV. P. 26

Madera County argues that plaintiff has not complied with Fed. R. Civ. P. 26, as plaintiff never served any Rule 26 disclosures, and never produced any documents in discovery, including evidence regarding special damages or lost wages.  Id.  Furthermore, Madera County contends that plaintiff has indicated that he intends to introduce evidence of unrelated lawsuits at trial and deposition testimony taken in relation to these lawsuits, but that plaintiff never disclosed these witnesses or documents in any Rule 26 disclosures, and that instead, plaintiff disclosed this information for the first time in connection with defendants' motion for summary judgment.  Id. Madera County argues that plaintiff should therefore be precluded from introducing any documentary evidence at trial.  Mot. at 5, citing Fed. R. Civ. P. 37 ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

  Plaintiff responds that he has in fact complied with disclosure requirements pursuant to Fed. R. Civ. P. 26, as "*every* witness plaintiff has identified on his witness list, and *every* document on which he relies (except that which may be offered solely for impeachment) were disclosed years ago" in plaintiff's oppositions to motions for summary judgment filed in May and August 2007, when this case was pending before Judge Schiavelli, and in discovery. Opp'n at 2, citing Declaration of Donald W. Cook ("Cook Decl.") ("all of the documents [p]laintiff has listed in the joint exhibit list were disclosed in discovery in 2005, 2006 and 2007. Most of the documents came from defendants . . . [and] [p]laintiff discussed how these documents supported [his] claim in the over 1,000 pages of summary judgment opposition papers [p]laintiff filed in 2007."). Plaintiff contends that the crux of Madera County's argument is that "[p]laintiff did not serve a separate document entitled 'Plaintiff's Disclosures Under Rule 26' listing [the witnesses and documents disclosed during discovery in 2005, 2006, and 2007]." Opp'n at 2. Plaintiff argues that this "purported failure cannot justify excluding [p]laintiff's evidence [as] [d]efendant has not and cannot show how it was prejudiced, given that all of [p]laintiff's evidence was disclosed in discovery with most of it coming from the various defendants." Id.; see also Cook Decl. at 4.

  To the extent that plaintiff seeks to produce new documents or evidence not previously disclosed in the case, the Court finds such evidence should be excluded, except for the purposes of impeachment or rebuttal. However, the Court concludes that evidence previously disclosed in conjunction with defendants' motion for summary judgment may be admitted, as the Court deems such evidence to be in the nature of supplemental Rule 26 disclosures. To the extent that plaintiff seeks to introduce declarations filed in other cases which go to policies of Los Angeles County, such as those submitted in conjunction with defendants' opposition to plaintiff's motion for summary judgment, the Court finds that such declarations would be irrelevant by reason of the Court having granted summary judgment in favor of the Los Angeles defendants. The Court will hear oral argument regarding any other declarations in other cases that plaintiff seeks to introduce.

  In accordance with the foregoing, the Court GRANTS Madera County's motion to the extent it seeks to exclude evidence not previously disclosed in conjunction with the motions for summary judgment or otherwise, but otherwise DENIES Madera County's motion without prejudice to its being renewed at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

**2.    MOTION IN LIMINE NO. 2: EXCLUDE UNDISCLOSED
EVIDENCE OF PLAINTIFF'S DAMAGES**

Madera County argues that because plaintiff has failed to disclose a computation of damages and any evidence related to his damages, both in the initial disclosure and in response to defendants' discovery requests, plaintiff should be precluded from presenting any evidence regarding damages.  Mot. at 5-6, citing Hoffman v. Construction Protective Services, Inc., 541 F.3d 1175, 1180 (9th Cir. 2008) ("[b]ecause the district court acted within its discretion when it precluded presentation of undisclosed evidence of damages, we affirm the ruling of the district court.").  Madera County argues that plaintiff's failure to disclose evidence related to his damages should limit plaintiff's ultimate recovery only to nominal damages.  Id.  Madera County argues that "Rule 26(a)(1)(A)(iii) requires the disclosure of a computation of each category of damages claimed by the disclosing party . . . Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."  Id., quoting Hoffman, 541 F.3d at 1179 (internal citations omitted); see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1101 (9th Cir. 2001) ("Courts have upheld the use of the [Rule 37] sanction even when a litigant's entire cause of action or defense has been precluded").

Plaintiff responds that he did disclose his computations on several occasions.  Id. at 2-3. First, plaintiff argues that he disclosed information related to his damages when he was deposed on July 20, 2005 by Madera County's counsel, who inquired as to plaintiff's hourly rate of pay, days worked each week, average workday wage, and work lost during incarceration. Opp'n at 2, citing 7/20/05 Deposition of Ricardo Reyes ("Reyes Dep.") at 140:20 - 142:7-17. Second, plaintiff contends that he identified his damages in his interrogatory response no. 7 (served October 25, 2005).  Id., Ex. A ("I lost about two weeks of work as a result of the incarceration in January 2004. At the time, I worked about five days a week, and made not less than $200 per day. I now work fewer days each weeks and make about $100 to $150 per day.").[5]  Third, plaintiff argues that he

_____

[5] The interrogatory response provided by plaintiff as Exhibit A to his opposition is entitled "Plaintiff's Responses to Defendant County of Los Angeles' Interrogatories, Set One." Opp'n, Ex. A (emphasis added).  Plaintiff has not provided information as to whether he provided the same response to Madera County, or whether Madera County

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|----------|----------------------|------|-----------------|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

identified and produced the documents supporting his lost income calculations in his response to Madera County's production request nos. 3 and 4.[6] Id., Ex. B.

Plaintiff also argues that Madera County's motion in limine no. 2 "is meaningless as applied to [p]laintiff's general damages and statutory damages recoverable under Cal. Civ. Code § 52.1(b)" because general damages "are intended to cover injuries for which an exact dollar amount cannot be calculated" and statutory damages "are fixed by the Court after a jury finding of the violation." Opp'n at 3.

The Court finds that plaintiff has sufficiently demonstrated that he has adequately disclosed evidence regarding damages to defendants, such that precluding plaintiff from presenting evidence of damages is unwarranted. Therefore, the Court DENIES Madera County's motion in limine no. 2, without prejudice to its being renewed based on a showing that a specific piece of evidence was not previously disclosed.

### 3.  MOTION IN LIMINE NO. 3: PRECLUDE IMPROPER REFERENCES TO THE DISTRICT ATTORNEY AS BEING RELATED TO DEFENDANT MADERA COUNTY

Madera County argues that plaintiff should not be allowed to make improper references to the district attorney as being related to Madera County, as such references could confuse the jury and lead them to believe that Madera County is responsible for any potential wrongdoing on the part of the district attorney. Mot. at 5.

---

even asked the same question in its interrogatories.

[6] Requests no. 3 and no. 4 of Madera County's Request for Production of Documents, Set One, respectively request documents related to plaintiff's income in January 2004, and documents related to plaintiff's income in the five years prior to plaintiff's arrest. See Opp'n, Ex. B. Plaintiff's answer to both requests is "See documents plaintiff submitted in response to City of Madera defendants' motion for summary judgment; see documents all defendants produced in response to plaintiff's requests for production; see documents produced by the California Department of Justice in response to plaintiff's subpoena duces tecum; see deposition transcripts of all persons deposed in this lawsuit." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

According to Madera County, plaintiff improperly attempts to assign liability to Madera County under 42 U.S.C. § 1983 as a result of the district attorney's handling of the warrant request. Id. at 4. First, Madera County notes that the County may not be liable for § 1983 violations under a *respondeat superior* theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 (1989). Second, Madera County argues that the County cannot be liable under a Monell theory for the actions of the district attorney, because, when prosecuting criminal actions, including seeking warrants in conjunction with such prosecution, the district attorney is a state actor for the purposes of liability analysis under § 1983. Id. at 3, citing Pitts v. County of Kern, 17 Cal.4th 340, 362 (1998) (district attorney represents the state and is not a policymaker for the county "when preparing to prosecute and when prosecuting criminal violations of state law" and when "training and developing policy in these areas"); Burns v. Reed, 500 U.S. 478, 500 U.S. 478, 491 (1991) ("The prosecutor's actions at issue here -- appearing before a judge and presenting evidence in support of a motion for a search warrant -- clearly involve the prosecutor's 'role as advocate for the State,' rather than his role as 'administrator or investigative officer,' . . . Moreover, since the issuance of a search warrant is unquestionably a judicial act, appearing at a probable-cause hearing is intimately associated with the judicial phase of the criminal process"); Imbler v. Pachtman, 424 U.S. 409, 431, n.33 (1976) ("We recognize that the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom. . . . These include questions of whether to present a case to a grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present. . . . At some point, and with respect to some decisions, the prosecutor no doubt functions as an administrator rather than as an officer of the court. Drawing a proper line between these functions may present difficult questions"). Madera County argues that, therefore, any references to the district attorney as being related to Madera County, including the terms "Madera County District Attorney" or "County of Madera District Attorney," will confuse the jury and give them the impression that Madera County is responsible for acts and omissions attributable to the district attorney. Id., citing Fed. R. Evid. 403.[7]

---

[7] Madera County cites Fed. R. Civ. P. 403 in its motion, although it apparently means Fed. R. Evid. 403.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

Plaintiff responds first that the evidence regarding the district attorney should not be excluded, because, unlike § 1983, under California law, employees of a county are agents of that county for purposes of *respondeat superior*. Opp'n at 2, citing <u>Robinson v. Solano County</u>, 278 F.3d 1007, 1016 (9th Cir. 2002) (en banc) ("California, however, has rejected the <u>Monell</u> rule and imposes liability on counties under the doctrine of *respondeat superior* for acts of county employees."). Plaintiff argues that the district attorney's office, like the Sheriff's Department, is a sub-agency of the county, and Madera County is thus responsible for all its employees, even those in the Madera County District Attorney's office. <u>Id.</u> at 5.

Plaintiff also disputes Madera County's contention that the district attorney is a state actor. Plaintiff argues that the holding in <u>Pitts</u>, 17 Cal.4th 340, is distinguishable. Specifically, while <u>Pitts</u> held that a district attorney represents the state and not the county "when preparing to prosecute and when prosecuting criminal violations of state law" and "when training and developing policy in these areas", plaintiff argues that his § 1983 claim does not pivot on whether or to what extent the suspect (Herrera) should have been prosecuted or charged. Instead, plaintiff argues, be sues because one or more Madera County employees (including the district attorney), "failed to adequately describe Herrera when inputting information into WPS." Opp'n at 5. Plaintiff argues that this is neither a prosecutorial function or training issue. <u>Id.</u>

The question of whether a public official represents a county or a state when acting in a particular capacity is analyzed under state, not federal law. <u>Venegas v. County of Los Angeles</u>, 32. Cal. 4th 820, 831 (2004). In determining in <u>Pitts</u> that the district attorney was acting in his state capacity, for example, the court placed special emphasis on article V, section 13 of the state constitution, providing that that "[t]he Attorney General shall have direct supervision over every district attorney … in all matters pertaining to the duties of their … offices" and that the Attorney General may require district attorneys to make appropriate reports "concerning the investigation, detection, prosecution, and punishment of crime in their respective jurisdictions," and may prosecute violations of law if, in his or her opinion, state laws are not adequately being enforced in any county. <u>See Pitts</u>, 17 Cal.4th at 356-57. The <u>Pitts</u> court also noted that Cal. Gov't Code § 25303 bars county boards of supervisors from affecting or obstruction the district attorneys' investigative or prosecutorial function. <u>Id.</u> at 358. Applying this framework, courts have found that district attorneys represents the county in performing certain functions, and the state in performing other functions. <u>See Wiener</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|----------|----------------------|------|-----------------|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

v. San Diego County, 210 F.3d 1025, 1031 (9th Cir. 2000) ("a California district attorney is a state officer when deciding whether to prosecute an individual"); but see Cebellos v. Garcetti, 361 F.3d 1168 (9th Cir. 2004), rev'd on other grounds, 126 S.Ct. 1951 (2006) (when making personnel decisions, district attorney acts as county policymaker); Bishop Paiute Tribe v. County of Inyo, 275 F.3d 893, 909 (9th Cir. 2001), vacated on other grounds by 538 U.S. 701 (2003) (district attorney's actions in obtaining and executing a search warrant did not constitute "preparing to prosecute or prosecuting criminal violations" but were investigatory, because no criminal complaint had been filed against the targets of the search warrant; therefore, the district attorney acted as a county officer).

In Bishop, 275 F.3d at 909, in arriving at its conclusion that the district attorney acts as a county officer in performing investigatory actions, the court analogized to cases involving absolute prosecutorial immunity. In particular, the court relied on Fletcher v. Kalina, 931 F.3d 653 (9th Cir. 1996), in which it was determined that a prosecutor is not entitled to absolute immunity for conduct in preparing a sworn declaration in support of an arrest warrant. In Fletcher, the court held that

> [t]here is a difference between the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand. When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other.

Id. at 655. The Bishop court held "[r]elying on Fletcher . . . and recognizing the significant factual distinctions between this case and Pitts, we find that the District Attorney was engaging in investigatory, and not prosecutorial, acts when he obtained and executed a search warrant . . .".

Madera County argues that Bishop is distinguishable from the instant action, because in Bishop, no criminal complaint had been filed against the target of the search warrant, whereas in this case, "the arrest warrant the District Attorney authored on September 5, 2002 was obtained for the sole purpose of prosecuting 'Ricardo Reyes' for the felonies cited in the previously filed Criminal Complaint executed on August 21, 2002." Sup. Br. at 1. Thus, Madera County argues, the district attorney's actions were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

not investigatory as in <u>Fletcher</u> and <u>Bishop</u>, because the purpose of the arrest warrant was to bring the subject into custody for prosecution, not investigation. Sup. Br. at 1. The Court agrees. Given that the criminal complaint in this action had already been filed when the district attorney handled the warrant request, the district attorney's actions were more prosecutorial than investigatory. Therefore, the Court concludes that the district attorney was acting as a state officer. The Court GRANTS Madera County's motion in limine no. 3.

### A. MADERA CITY DEFENDANTS' MOTION IN LIMINE

#### 1. MOTION IN LIMINE NO. 1: PRECLUDE REFERENCE TO ANY SETTLEMENT OFFERED BY PARTIES

Madera City defendants argue that pursuant to Fed. R. Evid. 408, no comment should be made in the jury's presence and no evidence should be proffered as to any settlement discussions or offers between the parties.[8] Mot. at 3. Plaintiff does not oppose this motion.

Pursuant to Fed. R. Evid. 408, the Court hereby GRANTS the Madera City defendants' motion in limine no. 1.

#### 2. MOTION IN LIMINE NO. 2: EXCLUDE NON-PARTY WITNESSES FROM THE COURTROOM PRIOR TO THEIR TESTIMONY

Madera City defendants argue that, pursuant to Fed. R. Evid. 615, non-party witnesses should be excluded from the courtroom before they are called to testify. Mot. at 3. Plaintiff does not oppose this motion.

Pursuant to Fed. R. Evid. 615, the Court hereby GRANTS the Madera City defendants' motion in limine no. 2.

---

[8] Throughout their brief, Madera City defendants cite to the Federal Rules of Civil Procedure, although it appears that they mean to cite to the Federal Rules of Evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

**3. MOTION IN LIMINE NO. 3: EXCLUDE REFERENCES TO INSURANCE**

Madera City defendants argue that, pursuant to Fed. R. Evid. 411, no comment should be made in front of the jury or evidence proffered as to the existence or non-existence of any liability insurance. Mot. at 3. Madera City defendants further request that the Court also prevent the parties, their lawyers, and witnesses from discussing insurance in front of the jury. Id. Plaintiff does not oppose this motion.

Pursuant to Fed. R. Evid. 411, the Court hereby GRANTS the Madera City defendants' motion in limine no. 3.

**4. MOTION IN LIMINE NO. 4: EXCLUDE EXPERT OPINIONS BY NON-EXPERTS**

Madera City defendants argue that, pursuant to Fed. R. Evid. 701, the Court should limit opinion testimony offered by lay witnesses to those "rationally based upon the perception of the witness which would be helpful to understand the witnesses' testimony." Mot. at 3. Plaintiff does not oppose this motion.

Pursuant to Fed. R. Evid. 701, the Court hereby GRANTS Madera City defendants' motion in limine no. 4.

**5. MOTION IN LIMINE NO. 5: EXCLUDE REFERENCES TO REPORTS OF NON-RETAINED EXPERTS WHO WERE NOT PERMITTED TO TESTIFY**

Madera City defendants argue that because plaintiff has not designated any experts who will testify at trial, plaintiff should be precluded from introducing expert testimony at trial, both "in its case in chief and in rebuttal." Mot. at 3. Furthermore, Madera City defendants argue that plaintiff "should not be allowed to present evidence of any experts that they have used, through examination of the defendants' properly designated experts, or any other witnesses" because such evidence would be improper hearsay. Id. at 3-4.

Plaintiff responds that Madera City defendants are specifically seeking to preclude plaintiff from relying on the testimony of Michael Soderberg, a defense expert retained

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

by Madera County, although Madera City defendants do not actually mention Soderberg by name in their motion. Opp'n at 2. According to plaintiff, Soderberg "testified at deposition in terms favorable to [plaintiff's] case," as Soderberg "found that Madera City *and* Madera County defendants should have described Herrera using the identifiers unique to him, and that defendants' failure to do so violated generally accepted police standards." Id., citing Deposition of Michael Soderberg ("Soderberg Dep."), 43:17-44:13; 157:17-23.

Plaintiff argues that he may rely on Soderberg's testimony, and that it is not hearsay because it is an admission of a party-opponent. Id., citing Fed. R. Evid. 802(d)(2)(C) (admission by party opponent includes "a statement by a person authorized by the party to make a statement concerning the subject"); In re Hanford Nuclear Reservation Litigation, 534 F.3d 986 (9th Cir. 2008) (party's expert witness's expert testimony at first trial could not be excluded at second trial, because expert's admissions at first trial were an admission by a party opponent), citing Glendale Federal Bank, FSB v. United States, 39 Fed. Cl. 422 (Fed. Cl. 1997) ("The expert witness, testifying under oath, is expected to give his own honest, independent opinion. Even at the time of his deposition he remains autonomous. He is not the sponsoring party's agent at any time merely because he is retained as its expert witness. By the time the trial begins, we may assume that those experts *who have not been withdrawn* are those whose testimony reflects the position of the party who retains them.") (emphasis added); see also Collins v. Wayne Corporation, 621 F.2d 777, 782(5th Cir. 1980) (where party hired expert to investigate subject accident and report his conclusion, expert was performing function for which he was employed in giving deposition, and therefore his deposition was an admission by the hiring party); but see Kirk v. Raymark Industries, Inc., 61 F.3d 147, 164 (3d Cir. 1995) ("Because an expert witness is charged with the duty of giving his or her expert opinion regarding the matter before the court, we fail to comprehend how an expert witness, who is not an agent of the party who called him, can be authorized to make an admission for that party")

The Court sees no reason to exclude the deposition testimony of Soderberg. However, the Court GRANTS the Madera City defendants' motion in limine no. 5 to the extent it seeks to exclude the testimony of experts not designated by the parties.

**6.      MOTION IN LIMINE NO. 6: PRECLUDE EVIDENCE NOT PRODUCED IN DISCOVERY**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|----------|----------------------|------|-----------------|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

Madera City defendants argue that the Court should preclude witness testimony and any documents which were not disclosed during discovery or provided as supplemental discovery, to the extent that such information was the subject of a discovery request.  Mot. at 4; See Fed. R. Civ. P. 26(a).

Plaintiff argues that to the extent that Madera City defendants seek to exclude either witnesses or documents listed on plaintiff's witness list or joint exhibit list, Madera City's motion is meritless.  Opp'n at 2.  Rather than detailing his arguments, plaintiff cites to his oppositions filed in response to Madera County's Motion in Limine Nos. 1 and 2.  Id.

For the reasons discussed with regard to Madera County's motions in limine nos. 1 and 2, the Court GRANTS Madera City defendants' motion in limine no. 6 to the extent it seeks to exclude evidence not previously disclosed in conjunction with the motions for summary judgment or otherwise, but otherwise DENIES Madera City defendants' motion without prejudice to its being renewed at trial.

### 7.  MOTION IN LIMINE NO. 7: EXCLUDE VIDEOTAPED DEPOSITION TESTIMONY THAT DOES NOT COMPLY WITH FED. R. CIV. P. 30

Madera City defendants argue that all videotaped and tape recorded deposition testimony that does not comply with Fed. R. Civ. P. 30 should be excluded.  Mot. at 4.  According to Madera City defendants, "[d]uring at least one deposition, [p]laintiff's counsel made his own videotape of the deposition and stopped recording before the deposition was complete."  Id. at 4.  Madera City defendants also argue that plaintiff's counsel kept the videotape and no copies were provided to other counsel.  Because Fed. R. Civ. P. 30 requires a deposition officer to make statements on the record at the beginning and the end of the deposition, and to keep a copy of the deposition tape, Madera City defendants argue that plaintiff's videotaped testimony should be excluded.  Id. at 4, citing Fed. R. Civ. P. 30(b)(5)(A) ("Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28.  The officer must begin the deposition with an on-the-record statement . . ."); Fed. R. Civ. P. 30(b)(5)(B) ("if the deposition is recorded nonstenographically, the officer must repeat the items in Rule 30(b)(5)(A)(i)-(iii) at the beginning of each unit of the recording medium. The deponent's and attorneys' appearance or demeanor must not be distorted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

through recording techniques."); Fed. R. Civ. P. 30(b)(5)(C) ("At the end of a deposition, the officer must state on the record that the deposition is complete and must set out any stipulations made by the attorneys about custody of the transcript or recording and of the exhibits, or about any other pertinent matters"); Fed. R. Civ. P. 30(f)(3) ("Unless otherwise stipulated or ordered by the court, the officer must retain . . . a copy of the recording of a deposition").

Plaintiff responds that there is nothing in Fed. R. Civ. P. 30 that requires a party to use a videographer to record a deposition, and there was never a Court order so requiring. Opp'n at 3; citing Fed. R. Civ. P. 30(b)(3) ("Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs").  Plaintiff argues that Madera City defendants have presented no case law to support their exclusion argument.  Id.  Furthermore, plaintiff argues that Madera City defendants do not even contend the video made by plaintiff's counsel is inaccurate or misleading.  Id.

The Court concludes that it will not permit the videotape to be presented at trial, unless plaintiff can show that (1) the deposition was videotaped in its entirety and (2) the requirements of Fed. R. Civ. P. 30 were met.

8.    **MOTION IN LIMINE NO. 8: PRECLUDE PLAINTIFF FROM
       STATING THAT "RICARDO REYES" IS THE HISPANIC
       EQUIVALENT OF "JOHN SMITH"**

Madera City defendants argue that plaintiff and his counsel should be precluded from stating that the name "Ricardo Reyes" is the Hispanic equivalent of "John Smith" because plaintiff presented no expert testimony to support this opinion.  Mot. at 4-5. Madera City defendants further argue that these statements are irrelevant, highly prejudicial to the jury, and therefore must be excluded pursuant to Fed. R. Evid. 401 and 403.  Id. at 5.

Plaintiff responds that he is entitled to argue that the name "Ricardo Reyes" is the Hispanic equivalent of "John Smith" because such an argument is proper, "based on both evidence and common sense, while not violating any rule of evidence." Opp'n at 3-4.  In particular, plaintiff cites to the depositions of defendants' employees, who admitted that "Ricardo Reyes" is a common name.  Mot. at 3, citing, e.g., 1/26/06 Chambers Dep.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

19:23-20:4; 1/26/09 Godwin Dep. 16:19-20.  Plaintiff argues that Madera City
defendants' real intention in attempting to preclude the aforementioned statement is to
prevent plaintiff from making the point that "defendants acted unreasonably in declining
to use Herrera's other names and biometric identifiers that defendants knew he had."
Id. at 3.

The Court finds that plaintiff has not presented sufficient evidence to support his
contention that "Ricardo Reyes" is the equivalent of John Smith, and that the probative
value of such a statement would be outweighed by risk of unfair prejudice under Fed. R.
Evid. 403.  Therefore, the Court GRANTS Madera City defendants' motion in limine no.
8.  However, nothing in the Court's holding precludes plaintiff from offering evidence
that Ricardo Reyes is a common name.

## C.  PLAINTIFF'S MOTIONS IN LIMINE

### 1.  PLAINTIFF'S MOTION IN LIMINE NO. 1: EXCLUDE THE ARREST RECORDS AND/OR CRIMINAL CONVICTIONS OF PLAINTIFF AND WITNESSES (WITH ONE EXCEPTION)

Plaintiff seeks, with one exception discussed *infra*, an order (1) "precluding
defendants and their attorneys from inquiring whether plaintiff or any other witness had
been arrested on any other occasion, or whether plaintiff or any other witness has been
convicted of a crime, whether felony or misdemeanor" and (2) instructing defense
counsel to advise defendants' witnesses not to "remember" or to "volunteer" information
on the above matters.  Mot. at 2.  Plaintiff argues that questioning the plaintiff or
witnesses about their respective criminal histories is irrelevant and highly prejudicial
because the jury may improperly infer bad character or a propensity for criminal
behavior.  Id. at 5.  In particular, plaintiff contends that misdemeanor convictions, except
for those involving dishonesty which, plaintiff argues, he does not have, are not relevant
or admissible.  Id., citing Mendrano v. City of Los Angeles, 973 F.2d 1499, 1507 (9th
Cir. 1992) ("Although Rule 609 does allow the use of convictions for impeachment, it
limits the use of misdemeanor convictions to those involving dishonesty or false
statements").

Notwithstanding the foregoing, plaintiff argues that there should be a limited
exception.  Id.  According to plaintiff, "the absence of any criminal history by Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

Mr. Reyes that was compatible with the Madera County warrants is a proper subject of inquiry.  Hence, plaintiff believes it would be proper to question relevant witnesses about what the official records show regarding these matters."  Id.  However, plaintiff further argues that the questions should be narrowly framed around the issue, "i.e., does the criminal history for plaintiff show that he was charged with a crime arising out of Madera County?" or "does Plaintiff Mr. Reyes have any criminal conviction showing that he served time in prison?" Id.  Additionally, plaintiff argues that "when the jury hears about plaintiff's criminal history, the jury should be instructed that the evidence is being received for the limited purpose of determining if it was reasonable to conclude that plaintiff was the subject of the Herrera Madera County warrants."  Id.

Madera County responds that plaintiff seeks an impermissible blanket exclusion of any and all questioning as to the criminal histories of plaintiff and other witnesses, when Fed. R. Evid. 609 "does not authorize such a broad-based preclusion in cross examination." Opp'n at 2.

Madera County defendants note that Fed. R. Evid. 609(a)(2) provides that for purposes of attacking the character for truthfulness of a witness "evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it can be readily determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness."  Id., citing Fed. R. Evid. 609(a)(2).  Madera County points out that plaintiff was previously convicted of giving false identification to a police officer, in violation of Cal. Penal Code § 148.9.  Id. at 5.  Madera County argues that such a conviction plainly involves "dishonesty or false statements" giving rise to impeachment authorized under Fed. R. Evid. 609(a)(2).  Madera County acknowledges that Fed. R. Evid. 609(b) provides that if more than 10 years has elapsed since the conviction, which is the case for plaintiff's conviction, evidence of the conviction is not admissible unless the probative value outweighs the prejudicial effect.  Id.  According to Madera County, "[t]he credibility issues of the instant action, and the reasonableness of the various law enforcement agencies' response to [plaintiff's] contention that he was not the subject of the warrant at issue, all make this false statement arrest of significant probative value."  Id. [9]

---

[9] Madera County also argues that it should not be subject to a preemptory order barring impeachment of plaintiff because plaintiff intends to elicit testimony regarding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|----------|------------------------|------|------------------|
| Title    | Ricardo Rivera Reyes v. City of Glendale et al. | | |

Furthermore, Madera County also responds that plaintiff's motion constitutes a preemptory application to bar impeachment of undefined witnesses on unspecified facts, and it is both premature and unwarranted. Id. at 3. Madera County argues that, "[a]s to the generically specified 'witnesses' other than [himself], [p]laintiff makes no offer of proof as to either what testimony might be a subject of a credibility challenge, nor the nature of the criminal record which he fears would be the basis for that challenge." Id. at 2. In the same vein, Madera County contends that plaintiff's analysis of Fed. R. Evid. 403 also fails because there is a complete dearth of facts indicating that the prejudice of such questioning outweighs the probative value. Id. Consequently, Madera County contends that a blanket preclusion of all criminal histories is impermissible.

The Court concludes that granting plaintiff's request for a blanket exclusion would be inappropriate. In particular, criminal convictions of plaintiff and witnesses may be relevant for purposes of impeachment. Furthermore, while the absence in plaintiff's criminal history of any incident consistent with the Madera County warrants is admissible, the Court cannot conclude at this stage that a limiting instruction precluding it from being used to assess credibility is warranted. Therefore, the Court DENIES plaintiff's motion in limine no. 1 without prejudice to its being renewed at trial.

## 2. PLAINTIFF'S MOTION IN LIMINE NO. 2: PRECLUDE DEFENDANTS FROM CALLING ANY WITNESSES, OR OFFERING ANY EVIDENCE, NOT DISCLOSED AS REQUIRED BY FED. R. CIV. P. 26(a)(1)(A)(I) & (ii)

Plaintiff argues that defendants should be precluded from calling any witness, or offering any evidence, not disclosed pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i) & (ii). Mot. at 2. "Rule 26(a)(1)(A)(iii) requires the disclosure of a computation of each category of damages claimed by the disclosing party . . . Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be

---

his criminal record in a manner intended to show good character. Opp'n at 7. Madera County argues that once plaintiff brings in "even peripheral evidence of his criminal history [he opens] the door for cross-examination regarding that same criminal record." Id.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

disclosed by Rule 26(a) that is not properly disclosed." <u>See</u> <u>Hoffman</u>, 541 F.3d at 1179
(internal citations omitted).  Neither Madera City defendants nor Madera County opposed
this motion in limine.

For the reasons discussed with regard to Madera County's motions in limine nos. 1
and 2, the Court GRANTS plaintiff's motion in limine no. 2 to the extent it seeks to
exclude evidence not previously disclosed in conjunction with the motions for summary
judgment or otherwise, but otherwise DENIES plaintiff's motion without prejudice to its
being renewed at trial

## V.   CONCLUSION

For the foregoing reasons, the Court:

(1) GRANTS Madera County's motion in limine no. 1 to the extent it seeks to
exclude evidence not previously disclosed in conjunction with the motions for
summary judgment or otherwise, but otherwise DENIES Madera County's motion
without prejudice to its being renewed at trial;

(2) DENIES Madera County's motion in limine no. 2, without prejudice to its
being renewed based on a showing that a specific piece of evidence was not
previously disclosed;

(3) GRANTS Madera County's motion in limine no. 3;

(4) GRANTS the Madera City defendants' motion in limine no. 1;

(5) GRANTS the Madera City defendants' motion in limine no. 2;

(6) GRANTS the Madera City defendants' motion in limine no. 3;

(7) GRANTS Madera City defendants' motion in limine no. 4;

(8) GRANTS the Madera City defendants' motion in limine no. 5 to the extent it
seeks to exclude the testimony of experts not designated by the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

(9) GRANTS Madera City defendants' motion in limine no. 6 to the extent it seeks to exclude evidence not previously disclosed in conjunction with the motions for summary judgment or otherwise, but otherwise DENIES Madera City defendants' motion without prejudice to its being renewed at trial.

(10) GRANTS Madera City defendants' motion in limine no. 7, except to the extent plaintiff can show that (1) the deposition was videotaped in its entirety and (2) the requirements of Fed. R. Civ. P. 30 were met.

(11) GRANTS Madera City defendants' motion in limine no. 8.  However, nothing in the Court's holding precludes plaintiff from offering evidence that Ricardo Reyes is a common name;

(12) DENIES plaintiff's motion in limine no. 1 without prejudice to its being renewed at trial.

(13) GRANTS plaintiff's motion in limine no. 2 to the extent it seeks to exclude evidence not previously disclosed in conjunction with the motions for summary judgment or otherwise, but otherwise DENIES plaintiff's motion without prejudice to its being renewed at trial.

IT IS SO ORDERED

00 : 00

Initials of Preparer          CMJ