UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS):**
**County of Madera's Motion for Reconsideration** (filed 8/6/2009)
**City of Madera's Motion for Reconsideration** (filed 8/4/2009)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of August 31, 2009, is hereby vacated, and the matter is hereby taken under submission.

**I.    INTRODUCTION**

Plaintiff Ricardo Reyes filed the instant action on January 12, 2005 against City of Glendale, Glendale Police Department ("GPD"), County of Los Angeles, Los Angeles Sheriffs Department ("LASD"), City of Madera, Madera Police Department ("MPD"), County of Madera, M Gonzalez ("Gonzalez"), and Does 1 through 10. Plaintiff's complaint alleges claims for: (1) violation of his civil rights pursuant to 42 U.S.C. § 1983 (against all defendants); (2) violation of Cal. Civ. Code § 52.1 (against City of Glendale, County of Los Angeles, County of Madera, and Does 1-10); (3) false imprisonment (against City of Glendale, County of Los Angeles, City of Madera, County of Madera, and Does 1-10); and (4) negligence (against City of Glendale, County of Los Angeles, City of Madera, County of Madera, and Does 1-10). On April 25, 2005, Justin Darby ("Officer Darby") was substituted as a defendant for Doe 1. On January 27, 2006, Daniel Godwin ("Officer Godwin") was substituted for Doe 2.

On April 18, 2007, defendants MPD, Officer Godwin, and City of Madera filed motions for summary judgment. On July 24, 2007, defendants County of Los Angeles and LASD filed a motion for summary judgment. Also on July 24, 2007, defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

Officer Darby, City of Glendale, and GPD filed a motion for summary judgment or, alternatively, partial summary judgment. On August 23, 2007, the Honorable George P. Schiavelli (ret.), to whom this case was then assigned, issued an order to show cause, ordering plaintiff and City of Glendale to show cause why the Court should not impose sanctions, including dismissal of the action, in light of the parties' failure to file timely pretrial documents. On September 17, 2007, the Court ordered the entire action dismissed with prejudice as a sanction for plaintiff's failure to prosecute. On October 17, 2007, plaintiff appealed to the Ninth Circuit Court of Appeals. On March 17, 2009, the Ninth Circuit reversed the dismissal of plaintiff's case, and remanded.[1]

On May 26, 2009, defendants MPD, County of Madera, Officer Darby, Officer Godwin, City of Glendale, GPD, County of Los Angeles, and LASD filed a joint motion for summary judgment. The Court held a hearing on the summary judgment motion on July 13, 2009. On July 23, 2009, the Court issued an order finding as follows: (1) on plaintiff's claim for violation of his civil rights pursuant to 42 U.S.C. Section 1983, the Court denied defendants' motion for summary judgment as to the City of Glendale, Glendale Police Department, City of Madera, Madera Police Department, the County of Madera, and Officer Godwin and granted defendants' motion for summary judgment as to Officer Darby, the County of Los Angeles, and the Los Angeles Sheriffs Department; (2) on plaintiff's claim for violation of Cal. Civ. Code Section 52.1, the Court granted defendants' motion for summary judgment as to the County of Los Angeles, and otherwise denied defendants' motion for summary judgment; (3) on plaintiff's claim for false imprisonment, the Court denied defendants' motion for summary judgment as to the City of Glendale and the County of Madera and granted defendants' motion for summary judgment as to the County of Los Angeles and the City of Madera; (4) on plaintiff's claim for negligence, the Court denied defendants' motion for summary judgment as to City of Glendale and the County of Madera and granted defendants' motion for summary judgment as to the County of Los Angeles and the City of Madera.

On August 12, 2009, the Court entered judgment in favor of the Los Angeles defendants.

---

[1] This action was then randomly reassigned to this Court on March 17, 2009 in light of Judge Schiavelli's retirement from this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

    On August 19, 2009, the Court issued an order ruling on various motions in limine filed by the County of Madera, the City of Madera, and plaintiff.

    On August 4, 2009, defendants Madera Police Department, Officer Godwin, and the City of Madera (collectively, "Madera City defendants") filed a motion for reconsideration. On August 6, 2009, the County of Madera filed a motion for reconsideration. On August 17, 2009, plaintiff filed an opposition. Replies were filed on August 24, 2009. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.  BACKGROUND

    On September 8, 2000, Paula Reyes sought and obtained a Domestic Violence Prevention Restraining Order in Madera County Superior Court Case No. CV07914 against "Ricardo Reyes" (sometimes referred to herein as the "restraining order subject").[2] Def's Summary Judgment Statement of Undisputed Facts ("SUF") ¶ 42; Pl's Summary Judgment Statement of Genuine Issues ("SGI") ¶ 42. In May 2002, Paula Reyes twice reported to the City of Madera Police that the restraining order subject had violated the restraining order. SUF ¶ 37; SGI ¶ 37. Based on these reports, the MPD sought a warrant for the arrest of the restraining order subject. SUF ¶ 44; SGI ¶ 44. MPD Officer Godwin prepared the District Attorney Intake Form submitted in conjunction with the request that "Ricardo Reyes" be charged with felony and misdemeanor offenses. SUF ¶ 45; SGI ¶ 45. Officer Godwin described the subject of the warrant as "Ricardo Reyes," Sex: Male; Hair: Black; Eyes: Brown; Height: 5'3"; Weight: 130; Race: Hispanic, and included his birthdate. SUF ¶ 46; SGI ¶ 46. Officer Godwin's description of the subject did not include a middle name and did not include any aliases. SUF ¶ 47-48; SGI ¶ 47-48. When the report prepared by Officer Godwin went to the MPD records department, a criminal history "rap sheet" was attached. SUF ¶ 38; Opp'n

---

    [2] Plaintiff disputes this fact to the extent that it indicates that defendants only knew "Ricardo Reyes" by that name, arguing that the subject of the restraining order was in fact "Ricardo Juan Reyes Herrera" and that he had aliases including "Richard Juan Reyes Herrera, aka Richard J. Reyes H., akak Ricardo J. Reyes, aka Ricardo Juan Reyes Herrera, aka Ricardo Juan Reyes, aka Ricardo Herrera, aka Ricardo Juan Herrera, aka Ricardo Reyes Herrera, aka Juan Reyes, aka Ricardo Reyes." SGI ¶ 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

at 12.

The Madera County District Attorney's office submitted the City of Madera Police Department's Request for Warrant to the Madera County Superior Court. SUF ¶ 49; SGI ¶ 49. On September 4, 2002, the Madera County Superior Court issued a felony warrant, listing the suspect only as "Ricardo Reyes" with the same description that appeared on Officer Godwin's Intake form. SUF ¶ 50-51; SGI ¶ 50-51. After the Court signed the September 5, 2002 Warrant of Arrest for Ricardo Reyes, the Warrant of Arrest was delivered to the Madera County Sheriff's Department. SUF ¶ 53; SGI ¶ 53. On June 26, 2003, the Madera County Superior Court issued a second warrant for the arrest of the suspect, listing the suspect as "Ricardo Reyes", and using the same descriptors as in the September 5, 2002 warrant. SUF ¶ 55; SGI ¶ 55. After the Court signed the June 26, 2003 Warrant of Arrest for Ricardo Reyes, the Warrant of Arrest was delivered to the Madera County Sheriff's Department.

It is the policy and practice of the Madera County Sheriff's Department to input only the data set forth in warrants of arrest into the Wanted Persons System ("WPS"), an electronic data system which can be accessed by other law enforcement agencies. SUF ¶ 57, 61; SGI ¶ 57, 61. Following the receipt of the September 5, 2002 warrant and the June 26, 2003 warrant, the Madera County Sheriff's Department input the information from the warrant into WPS. SUF ¶ 58; SGI ¶ 58.

On January 17, 2004, plaintiff Ricardo Rivera Reyes was driving his car on San Fernando Road in the City of Glendale. SUF ¶ 101; SGI ¶¶ 101, 6. Officer Darby, a GPD officer, stopped plaintiff on the purported basis that plaintiff's vehicle's license plate did not display the required registration sticker.[3] SUF ¶ 101; SGI ¶¶ 101, 6. During the traffic stop, Officer Darby contacted Glendale Police Communications to inquire about the existence of outstanding warrants for plaintiff. SUF ¶ 64; SGI ¶ 64. In response, Glendale Police Communications advised of an outstanding felony warrant for "Ricardo Reyes", with birthdate April 3, 1968, as well as the physical descriptors Sex: Male; Hair: Black; Eyes: Brown; Height: 5'3"; weight: 130; Race: Hispanic. SUF ¶ 65; SGI ¶ 65. After receiving the warrant information, Officer Darby also asked the dispatcher from Glendale Police Communications whether there was any further physical

---

[3] Plaintiff disputes that his car did not display the required registration. SGI ¶ 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

description of the warrant subject, and he was advised that there was not. SUF ¶ 67; SGI ¶ 67. Officer Darby compared the information provided by dispatch to plaintiff's physical appearance and identifying information listed on his driver's license. SUF ¶ 85; SGI ¶ 85. Plaintiff's date of birth, as listed on the driver's license, was the same as the date of birth listed on the warrant. SUF ¶ 87; SGI ¶ 87. The eye color (brown) was also a match. SUF ¶ 89; SGI ¶ 89. The suspect's weight listed on the warrant was 130 pounds, while plaintiff's weight listed on his driver's license was 140 pounds. SUF ¶ 90; SGI ¶ 90. Plaintiff was arrested by the GPD based on the September 5, 2002 warrant and was transported to Glendale City Jail. SUF ¶ 69; SGI ¶ 69.

At the Glendale City Jail, in the course of booking plaintiff, GPD booking officers ran a LiveScan on plaintiff, which consisted of electronically scanning his fingerprints through a database maintained by the California Department of Justice, and the LiveScan generated results showing plaintiff's identifying characteristics, including plaintiff's birth date. SGI ¶¶ 93, 103; SUF ¶¶ 93, 103. Plaintiff's criminal history was obtained by running his name and date of birth through a computerized database called Justice Data Interface Controller (JDIC), and a booking package was generated for plaintiff's arrest, comprised of the Los Angeles County Booking and Property Record Form, the Glendale City Jail Pre-Booking Form, the Los Angeles County Unified Arrestee Medical Screening Form, and the GPD Crime Summary Information/Probable Cause Declaration Form, the Los Angeles County Regional Identification System ("LACRIS") LiveScan Notification, two warrant abstracts from Madera County, and the criminal history and WPS information generated by JDIC. SUF ¶ 95, 97, 98; SGI ¶ 95, 97, 98. Plaintiff was in the custody of the Glendale Jail from approximately 9:45 a.m. to 3:47 p.m. SUF ¶ 100; SGI ¶ 100.

Plaintiff was transferred to the Los Angeles County Sheriff's Department's Inmate Reception Center for transportation arrangements to Madera County. SUF ¶ 100; SGI ¶ 100. When plaintiff was transferred to the Los Angeles County jail, GPD did not provide LASD with any information documenting its investigation of plaintiff's identity, and instead only provided the information on the warrants themselves and plaintiff's booking documentation, which was prepared by GPD. SUF ¶ 109; SGI ¶ 109. When GPD runs an individual's criminal history in connection with a warrant check, as a matter of policy it does not provide the criminal history to LASD if the individual is later transferred to LASD custody. SUF ¶ 109; SGI ¶ 109.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

On January 23, 2004, plaintiff was transferred from the Department of Corrections in Los Angeles County to the Madera County Department of Corrections on January 23, 2004. SUF ¶ 71; SGI ¶ 71. On January 27, 2004, an identity hearing was conducted, at which time the Deputy District Attorney assigned to plaintiff's case obtained a photograph of the arrest warrant subject, which photograph the City of Madera had in its file. SUF ¶ 73; SGI ¶ 73. It was determined that plaintiff was not the subject of the warrant, and plaintiff was released on January 27, 2004. SUF ¶ 74; SGI ¶ 74.

### III. LEGAL STANDARD

Local Rule 7-18 sets forth the bases upon which this Court may reconsider a previous order. The Rule provides as follows:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise or reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

### IV. DISCUSSION

  A. **Madera City Defendants' Motion for Reconsideration**

    1. **Mistake of Fact**

In the Court's July 22, 2009 summary judgment order, the Court held as follows:

> The Court concludes that plaintiff has raised an issue of fact as to whether Officer Godwin violated plaintiff's constitutional rights in failing to include additional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

information in his report submitted to the District Attorney's office. In particular, the report named the warrant subject as only "Ricardo Reyes", which, the evidence suggests, was the warrant subject's alias rather than his correct legal name. See Rogan, 668 F.Supp. at 1391 (while an arrest warrant that correctly names the person to be apprehended generally satisfies the Fourth Amendment's particularity requirement "an arrest warrant does not 'correctly name' the suspect if it accurately sets forth one or more of the suspect's aliases but fails to provide his correct, legal name"); see also Williams dep. 19:15-21:1, 23:17-24:5 (rap sheet generated for "Richardo Juan Reyes Herrera" did appear to in fact describe the suspect identified as "Ricardo Reyes" in Officer Godwin's report, and that he would have expected Officer Godwin to have so concluded).

Madera City defendants argue that the Court's ruling is based on a mistake of fact. Specifically, Madera City defendants argue that the Court's ruling assumes that the warrant subject's correct legal name is "Richardo Juan Reyes Herrera" but that, in fact, there is no evidence to sustain that assumption. Mot. at 3. Madera City defendants argue that, to the contrary, the suspect's wife, who, according to Madera City defendants, is the person in the best position to know his legal name, identified him in the restraining order as "Ricardo Reyes." Madera City defendants argue that the suspect's rap sheet, which included a number of different names, including "Richardo Juan Reyes Herrera" and "Ricardo Reyes" does not establish that "Herrera" is in fact the suspect's legal name. Mot. at 3. Specifically, Madera City defendants argue that the fact that "Richardo Juan Reyes Herrera" is the first name listed on the rap sheet does not indicate that Herrera is his true legal name, arguing that the order of the names listed on the rap sheet is based on the order in which the defendant used the various names in his contacts with police. Mot. at 3. Therefore, Madera City defendants argue that plaintiff's representations that the suspect's legal name is "Richardo Juan Reyes Herrera" is not supported by the evidence, and that the Court's assumption that the warrant was issued under an alias rather than the suspect's true name was a mistake of fact. Mot. at 4.

Plaintiff responds that in his original opposition, he argued that the rap sheet identified the warrant subject as "Ric[h]ardo Juan Reyes Herrera along with nine aliases." Opp'n at 3, citing SJ Opp'n at 6. Plaintiff argues that in response, defendants never argued that Richardo Juan Reyes Herrera was not defendant's true name, and that, therefore, defendants "cannot now complain that the Court 'failed' to address an argument defendants never made." Opp'n at 4. Furthermore, plaintiff argues that he has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

raised an issue of fact as to whether "Richardo Juan Reyes Herrera" is the suspect's true name.

The Court finds that although plaintiff may not have conclusively established that the suspect's legal name was "Richardo Juan Reyes Herrera," defendants have not demonstrated that the suspect's legal name is definitively "Ricardo Reyes" and that "Ricardo Reyes" is not an alias. Given that a number of the names listed on the rap sheet include "Herrera" as a last name, the rap sheet submitted into evidence raises an issue of fact as to whether the suspect's true last name is Herrera, and, as a result, whether the warrant was issued for the suspect's alias. See Rogan, 668 F.Supp. at 1391 (while an arrest warrant that correctly names the person to be apprehended generally satisfies the Fourth Amendment's particularity requirement, "an arrest warrant does not 'correctly name' the suspect if it accurately sets forth one or more of the suspect's aliases but fails to provide his correct, legal name")

  **2. Change in Law**

Madera City defendants also argue that there has been a relevant change in law in the Central District. Specifically, Madera City defendants cite an order issued by the Honorable Gary Allen Feess, Case No. CV-08-5756- GAF, Kelvin Gant, et al. v. County of Los Angeles, et al. (The "Gant order"). The Gant order was issued by Judge Feess on July 22, 2009, the day before the Court issued its summary judgment order in this case. In Gant, plaintiffs alleged that they had been arrested and detained on warrants issued against others. Plaintiffs alleged that the Los Angeles Sheriff's Department and the County of Los Angeles violated their Fourth Amendment rights by failing to include warrant subjects' "fingerprint-based identifiers," and CII numbers in the warrant and the WPS system. Gant Order at 14-15. The Court dismissed plaintiffs' claims, finding that the "arrest warrants at issue plainly satisfied the Fourth Amendment particularity requirements." Gant Order at 16. In so finding, Judge Feess noted that "[p]laintiffs do not allege that the warrants at issue did not correctly name the actual subjects." Order at 16. The Court held that "the Fourth Amendment does not require additional information regarding the subject of an arrest warrant when the warrant correctly names the subject." Order at 17.

The Court finds that the holding in Gant does not affect the Court's holding in this action. In Gant, Judge Feess found that there was no issue as to whether the warrants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

properly named the subjects of the warrant. See Order at 16. Here, by contrast, the Court has found that there is an issue of fact as to whether the warrants correctly named the warrant subject. See Rogan, 668 F.Supp. at 1391. Therefore, the holding in Gant is inapposite.

### 3.     Mistake of Law

Finally, the City of Madera defendants argue that, in denying summary judgment on the issue of qualified immunity for Officer Godwin, the Court failed to consider both prongs of the qualified immunity test in Saucier v. Katz, 533 U.S. 194, 201 (2001). Specifically, Madera City defendants argue that the Court failed to consider the second prong of Saucier: whether the right that was allegedly violated by the officer was "clearly established", meaning it would have been clear to a reasonable officer that his conduct was unlawful. However, the Court's ruling specifically held that "[a]s stated herein, the Court finds that, taken in a light most favorable to plaintiff, plaintiff has presented evidence with which a reasonable juror could conclude that Officer Godwin's failure to enter information naming the suspect by his full name violated *a clearly established* constitutional right." (emphasis added). In so finding, the Court necessarily found that a reasonable officer, in connection with submitting a request for warrant, would have known that he was required to submit the suspect's correct legal name.

### B.     Madera County

With regard to the § 1983 claim against Madera County, the Court found that "the question of whether the County of Madera possessed information outside of the warrant that more specifically identified the warrant subject, as well as the reasonableness of entering [into WPS] only information contained within the warrant where other information was available, are issues of fact that the Court finds inappropriate of summary judgment." Order at 13, n.12. Furthermore, with regard to Monell liability, the Court held that there was an issue of fact as to "whether the County defendants failed to properly train their employees in inputting information into the WPS System." Mot. at 6. Madera County defendants argue that the Court erred in so finding. First, Madera County argues that plaintiff's assertion that Madera County "had the warrant subject's dispositive identifying information, yet [it] identified the warrant subject only as 'Ricardo Reyes'" was unsubstantiated by any evidence. Mot. at 4. Madera County argues that there is no evidence that Madera County possessed information related to the warrant subject other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

than the warrant itself, and that "evidence provided by Plaintiff established that the only parties who did possess any further information regarding the warrant subject were the Madera City Defendants and the District Attorney, a state actor." Mot. at 5. Second, Madera County argues that the Court's finding with regard to Monell liability was erroneous, because plaintiff's arguments related to "failure to properly train employees" was directed to Madera City defendants, not the County defendants.[4] Mot. at 6, citing Plaintiff's Opp'n to Defs' Joint Mot. For Summary Judgment at 17-18.

Plaintiff responds that defendants did not raise these arguments in its reply to plaintiff's summary judgment opposition, and that, therefore, the Court should not consider them now. Furthermore, plaintiff argues that he has established that County personnel had information in their possession that the warrant subject was, in fact, "Richardo Juan Reyes Herrera." First, plaintiff argues that it was Madera County who produced the Herrera rap sheet in discovery. Opp'n at 5. Furthermore, plaintiff argues that Madera County prepared the criminal complaint specifically alleging the details of Herrera's November 17, 2000 felony conviction for spousal abuse, a conviction found on the rap sheet. Opp'n at 5.

The Court acknowledges that in light of its August 19, 2009 order holding that the District Attorney acted as a state, rather than a county, actor in this case, the actions of the District Attorney do not give rise to liability for the County. The Court also acknowledges that the evidence is sparse as to whether County officials other than the District Attorney had access to the rap sheet or other information indicating that "Ricardo Reyes" may not have been the warrant subject's legal name. Nevertheless, for the

---

[4] Like Madera City defendants, Madera County also argues that the Court erred in finding that the evidence suggests that 'Ricardo Reyes' was the warrant subject's alias rather than his correct legal name. Madera County argue that Ricardo Reyes is, in fact, the warrant subject's legal name. However, like Madera City defendants, Madera County has not presented evidence conclusively demonstrating this, such that the Court could find that no issue of material fact exists as to this question.

Madera County also argues that the Gant order constitutes a material change in the law. However, as explained with regard to Madera City defendants' motion, the Court finds this argument unpersuasive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

purposes of summary judgment, the Court finds that plaintiff has established that there is an issue of fact as to what information the County had knowledge of and access to in entering information into WPS, and therefore, reconsideration is unwarranted.

Furthermore, the Court finds that, contrary to Madera County's arguments, there was sufficient evidence to deny summary judgment on the issue of Monell liability. Plaintiff argued that the individuals who entered information into the WPS system were inadequately trained. It is undisputed that it was Madera County personnel who entered the suspect's information into the WPS system, and that it is the policy and practice of the Madera County Sheriff's Department to input only the data set forth in warrants of arrest into the WPS system. SUF ¶ 57-58, 61; SGI ¶ 57-58, 61. Therefore, assuming that plaintiff can show that Madera County personnel had knowledge that the name on the warrant was not the suspect's legal name, plaintiff may be able to establish Monell liability for the County.

Madera County further argues that it cannot be held liable for holding plaintiff after he was transferred from Los Angeles County, because under Cal. Civ. Proc. Code § 262.1 "[a] sheriff or other ministerial officer is justified in the execution of, and shall execute, all process and orders regular on their face and issued by competent authority, whatever may be the defect in the proceedings upon which they are issued." Madera County argues that the immunity of the Sheriff's Department personnel extends to Madera County collectively, as "a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." See Cal Govt. Code § 815.2. In the summary judgment order, however, the Court rejected this argument, finding that plaintiff had raised an issue of fact as to whether Madera County personnel knew or should have known that defendant was not the subject of the warrant. See Order at 33-36; Sullivan v. County of Los Angeles, 12 Cal.3d 710, 716 (1974) ("[u]nder California common law the jailer has long been held liable for false imprisonment if he knew or should have known of the illegality of the imprisonment"); Lopez v. City of Oxnard, 207 Cal. App. 3d 1, 8 (1989) ("a sheriff, as a ministerial officer of the court, may safely proceed to incarcerate an individual on a warrant apparently valid on its face which comes from a court with subject matter jurisdiction. (Code Civ. Proc., § 262.1.) . . . [but] liability may attach when the sheriff actually knows the imprisonment was illegal or when the sheriff has sufficient notice from an official source which calls for further investigation into the validity of the incarceration").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0253 CAS (MANx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | Ricardo Rivera Reyes v. City of Glendale et al. | | |

Finally, Madera County argues that the Court failed to adequately rule on plaintiff's Cal. Civ. Code § 52.1 claim. In the Court's order, the Court acknowledged that "there is inconsistency in the law with regard to whether an alleged false imprisonment can, in and of itself, involve sufficient coercion so as to give rise to a cause of action under Cal. Civ. Code § 52.1." The Court found "granting defendants' motion for summary judgment to be inappropriate, because under relevant case law, plaintiff may be able to show sufficient coercion on the part of defendants so as to support a finding of liability under Cal. Civ. Code § 52.1. See Cole, 387 F.Supp.2d at 1103 ("[use of law enforcement authority to effectuate a stop, detention (including use of handcuffs), and search can constitute interference by "threat[ ], intimidation, or coercion" if the officer lacks probable cause to initiate the stop, maintain the detention, and continue a search"). Madera County argues that the Court has made a mistake of law, because "whether an alleged false imprisonment can form the basis of a cause of action under § 52.1 is a legal issue for this Court to decide." Mot. at 9. However, the Court did not fail to rule on this issue. The Court found that, although there is a split in case law, the Court was persuaded that a false imprisonment in and of itself can constitute sufficient coercion for the purposes of Cal. Civ. Code § 52.1, and that plaintiff's allegations, if true, could give rise to liability under that statute. Therefore summary judgment is inappropriate.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES the Madera City defendants' motion for reconsideration and DENIES Madera County's motion for reconsideration.

IT IS SO ORDERED

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |